HOBSON, Judge.
Appellant entered a plea of nolo con-tendere to an information charging him with breaking and entering a building other than a dwelling house with intent to commit a misdemeanor. His plea was entered with specific reservation of his right to appeal on the ground that he was not granted a speedy trial.[1]
The information was filed on January 25, 1968 and appellant entered a plea of not guilty on February 1, 1968. Trial was set for March 25, 1968; however, appellant moved for a continuance and filed a petition for a sanity inquisition. The continuance was granted and physicians were appointed to examine the appellant. Subsequently, the appellant petitioned the court to dispense with the further inquiry into his competency and the court on August 22, 1968 adjudged him competent to stand trial. The trial was again set for November 4, 1968.
While on bond awaiting trial the appellant left the State of Florida and was incarcerated in the Federal Correctional Institution, Texarkana, Texas from October 15, 1968 until November 2, 1970, at which time he was transferred to the Community Treatment Center, Atlanta, Georgia. On December 31, 1970, appellant was released on parole under the jurisdiction of the Northern District of Georgia to be supervised by the Chief United States Probation Officer until April 4, 1971.
During the time the appellant was incarcerated by the Federal authorities, he filed three separate demands for a speedy trial in the court below, the first of said demands being filed on March 3, 1970, on which demand an order was entered on March 9, 1970 granting said motion. Not having been tried, the appellant filed a second demand for speedy trial on September 11, 1970. Having heard nothing, appellant for the third time on December 7, 1970 filed a demand for speedy trial. This motion was granted and trial was set for March 1, 1971. Shortly before the trial date of March 1, 1971, appellant filed a motion to dismiss the information on the ground that the State failed to secure the appellant for trial, thereby denying him his constitutional right to a speedy trial. At the conclusion of the hearing on said motion to dismiss the court ordered the State of Florida to proceed with the appropriate proceedings to obtain the defendant for trial.
The appellant was returned to Florida after an extradition proceeding in Georgia on July 7, 1971. Appellant contested the extradition on the ground that the Florida court lacked jurisdiction due to its failure to grant appellant a speedy trial. After appellant’s return, trial was set for September 8, 1971. On August 18, 1971, appellant filed a motion for discharge based on the State’s failure to grant him a speedy trial. At the hearing upon the motion for discharge appellant requested an evidentiary hearing to determine what steps, if any, the State of Florida had taken to afford him a speedy trial during the year and one-half month period between the filing of the first demand for speedy trial and the hearing on the mention for discharge. Appellant’s motion for discharge was denied by the court below without an evidentiary hearing.
*377 Florida’s Speedy Trial Rule[2] is not available to the appellant for it applies only to those persons taken into custody after March 1, 1971. Appellant clearly does not fall within this category since his original custody and the proceeding from which this action stems was in 1968.
However, there are other remedies available to appellant. Our Supreme Court in Dickey v. Circuit Court, Gadsden County, Quincy, Fla., (Fla.1967) 200 So.2d 521 on page 525 stated the following:
“F.S. Chapter 915, F.S.A. which is designed to implement the right of speedy trial guaranteed by Section 11, Declaration of Rights, Florida Constitution, F.S.A., places on the accused the primary burden for bringing about a speedy trial. Yet it can hardly be said 'that the state has no obligation to perform this constitutional mandate. It is unnecessary that we attempt any definitive statement of the state’s burden. It is sufficient to say that when an accused held by another 'sovereign makes demand for speedy trial in this state on charges forming the basis for a de-tainer warrant pending against him the state must initiate action to procure the presence of the accused for trial, unless the circumstances make it unreasonable for the state to do so. The question of reasonableness in each case requires consideration and balancing of interests of the accused and the state.”
The United States Supreme Court in Dickey v. Florida (1970) 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26, stated that:
“In addition to exerting every effort to require the State to try him, there is present in this record abundant evidence of actual prejudice to petitioner. . This is sufficient to make a remand on this issue unnecessary.”
Under Dickey it is necessary to show undue delay on the part of the state in seeking to bring the offender to trial and prejudice resulting from this delay. Prejudice, for example would be the death of a key witness during this period of unreasonable delay.
In the case at bar, appellant quite clearly may not claim prejudice for that time period when he fled Florida and his whereabouts were unknown. The reasonableness of the delay and the resulting prejudice can only be measured after Florida was aware of his subsequent incarceration in another jurisdiction.
Under Dickey it was necessary that the appellant be given an opportunity to establish that prejudice did result from any undue delay. This issue was not fully addressed at the previous hearing. For this reason this cause is remanded with directions for a hearing to establish if any undue delay was present and whether it resulted in any prejudice to the appellant.
PIERCE, C. J., and McNULTY, J., concur.

. State v. Ashby, 245 So.2d 225 (Fla.1971) and Chesebrough v. State, 255 So.2d 675 (Fla.1971).

. Florida Rules of Criminal Procedure 3.191 (i) (1), 33 F.S.A.