283 So.2d 575 (1973)
Javier A. PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 73-123.
District Court of Appeal of Florida, Fourth District.
October 12, 1973.
Richard L. Jorandby, Public Defender, and Richard S. Power, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Nelson E. Bailey and Thomas M. Carney, Asst. Attys. Gen., West Palm Beach, for appellee.
CROSS, Judge.
The appellant-defendant, Javier Perez, appeals a final judgment of guilty of the charge of escape entered by the Circuit Court in and for Palm Beach County. We affirm.
On October 5, 1970, the defendant, Javier Perez, escaped from confinement at the Glades Correctional Institution in Palm Beach County, Florida, where he had been incarcerated as a result of a conviction of second degree arson. The defendant was charged with the nonviolent felony of escape by information filed on October 14, 1970. More than a year later, on November 19, 1971, authorities in Mexico took Perez into custody. The Mexican government turned the defendant over to United States Immigration officials in Texas on December 29, 1971. Shortly thereafter on *576 February 1, 1972 Perez was returned to the Florida Division of Corrections and placed in the state prison at Raiford, Florida. On October 30, 1972, the Circuit Court in and for Palm Beach County granted the County Solicitor's motion to return the defendant from Raiford to Palm Beach County.
On the date set for trial, January 8, 1973, the defendant filed a motion to dismiss on the ground that he was not granted a speedy trial within one year after being taken into custody as required by Rule 3.191(b)(1), Fla.R.Cr.P. 33 F.S.A. (1971). The defendant alleged that he was entitled to relief under this rule because he was taken into custody on November 19, 1971 by the Mexican authorities and that the state had not brought him to trial within one year of the date he was taken into custody. The trial court held that the one-year speedy trial period set out by Rule 3.191(b)(1) began to run on February 1, 1972, the date the defendant was turned over to authorities in Florida, and that less than one year had elapsed when the defendant was brought to trial on January 8, 1973. Therefore, the defendant's motion to dismiss was denied by order of the trial court.
The defendant then entered a plea of nolo contendere and reserved the speedy trial question for appellate review under the authority of State v. Ashby, 245 So.2d 225 (Fla. 1971) and Elixson v. State, 269 So.2d 375 (Fla.App. 1972). The final judgment of guilty of the charge of escape was entered by the trial court and this appeal followed.
The defendant's only contention on appeal is that the trial court misconstrued Rule 3.191(b)(1) and therefore erred in denying the defendant's motion to dismiss. Florida Rule of Criminal Procedure 3.191(b)(1) provides:
"Prisoners In Florida; Trial Without Demand.
"Except as otherwise provided, a person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information or by trial affidavit, ..., shall without demand be brought to trial within one year if the crime charged be a misdemeanor or felony not involving violence ... and if not brought to trial within such term shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime. The period of time established by this rule shall commence when the person is taken into custody as a result of the subject conduct or criminal episode, or when the subject charged of the crime is filed, whichever is earlier, whether or not such period may commence to run before such person began to serve his term of imprisonment... ."
This right to speedy trial granted by this rule applies only to a prisoner who is imprisoned in a penal or correctional institution of the State of Florida, or a subdivision thereof. A prisoner outside the jurisdiction of the State of Florida is entitled to a speedy trial only upon proper demand therefor. Rule 3.191(b)(3) Fla.R.Cr.P. (1971).
In the case at bar, the defendant Perez never made any demand for a speedy trial to the proper Florida authorities while outside the State of Florida. There was no undue delay practiced either by United States Immigration officials in securing the defendant's return from Mexico to Texas, or by Florida Division of Correction personnel in obtaining the defendant's return from Texas to Florida to answer the escape charge. It was of the defendant's own volition that he was outside of Florida, and the authorities must be given reasonable time to secure his return to this state. The defendant's right to a speedy trial under Rule 3.191(b)(1) did not vest until he was returned to the custody of officials of the Division of Corrections in Florida on February 1, 1972. It was not until that date that Perez became a prisoner *577 in Florida within the scope of Rule 3.191(b)(1) entitled to be tried before the expiration of a one-year period. From the date that the defendant became a prisoner in Florida, February 1, 1972, until the date set for trial, January 8, 1973, less than one year had elapsed. Therefore, he was not entitled to discharge from the nonviolent offense of escape under Rule 3.191(b)(1).
No error was committed by the trial judge in denying the defendant's motion to dismiss. Therefore, the judgment of guilty to the charge of escape entered against the defendant is affirmed.
Affirmed.
OWEN, C.J., and WALDEN, J., concur.