281 So.2d 390 (1973)
John HARGROVE, Appellant,
v.
STATE of Florida, Appellee.
No. 73-34.
District Court of Appeal of Florida, Second District.
August 15, 1973.
*391 Robert E. Jagger, Public Defender, and V. John Brook, Jr., Asst. Public Defender, Dade City, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
MANN, Chief Judge.
Hargrove claims to have been "taken into custody as a result of the conduct or criminal episode giving rise to" these charges on June 16, 1972. CrPR 3.191(a)(1), 33 F.S.A. On that date he was arrested in Pinellas County on Polk County charges unrelated to this case, and, while in the Pinellas jail, was placed in a line-up, where a witness to the crime charged in the instant case identified him. No hold was placed upon him on this Pasco County matter, and he was not formally charged until August 14. He was then on bond, in fact, and was arrested September 1 in Pinellas County. We think his argument that he was taken into custody on these charges in June is without merit, dispense with the requested oral argument (F.A.R. 3.10(e), 32 F.S.A., and affirm.
State v. Sutton, Fla.App.2d 1972, 269 So.2d 712, is a different matter. There the defendant was held on a detainer, as well as on extraneous charges, and we held that the lodging of a formal detainer on a charge, meaning that the disposition of all other charges will not result in the prisoner's release, starts the meter running under the speedy trial rule. We held there that the State cannot enlarge the time by withholding formal service of process. The important thing is whether the prisoner is held in custody on the charge in question. If he is, then the State must bring him to trial within the time allowed.
At the other end of the scale, there may be times when deliberate delay without taking the accused into custody may raise a constitutional question, but this case falls far short of that. See United States v. Marion, 1971, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468; Barker v. Wingo, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.
There may be valid reasons why these Pasco County charges were not filed until *392 August. Certainly such reasons are presumed to exist, no prejudice has been shown, and we find no reason to reverse the trial judge's denial of discharge.
Affirmed.
LILES and BOARDMAN, JJ., concur.