297 So.2d 572 (1974)
STATE of Florida ex rel. Floyd Glenn WILLIAMS, Relator,
v.
The Honorable E.L. EASTMOORE, As Circuit Judge of the Seventh Judicial Circuit in and for Putnam County, Respondent.
No. W-185.
District Court of Appeal of Florida, First District.
July 12, 1974.
Peter T. Miller of Miller & Miller, and Earl G. Nicholson, Palatka, for relator.
Robert L. Shevin, Atty. Gen., for respondent.
PER CURIAM.
By this suggestion for a writ of prohibition relator is seeking to prohibit his trial on three counts of armed robbery on the basis that he has been denied his constitutional right to speedy trial.
The facts are not in dispute. During October of 1973 relator was confined to the Palm Beach County Jail awaiting trial on charges not related to the instant armed robbery offenses. On October 19, 1973, while relator was in the Palm Beach County Jail, officials from Putnam County placed a detainer against relator on the basis of armed robbery charges arising in Putnam County. On October 26, 1973, relator was informed against for three counts of armed robbery in Putnam County. As best as can be determined from relator's allegations, on April 4, 1974, he was acquitted of the Palm Beach charges and officially arrested on the charges lodged in Putnam County. Relator is now seeking to prohibit his trial in Putnam County on two *573 counts of armed robbery which is scheduled for July 15, 1974, and his trial on the third count of armed robbery which is scheduled in Putnam County on August 19, 1974, on the basis that these trials were not scheduled within 180 days from the date that the detainer was lodged against him in Palm Beach County.
The sole question presented by this suggestion for writ of prohibition is whether or not Florida Rule of Criminal Procedure 3.191, 33 F.S.A., requires that an accused be brought to trial within 180 days of the detainer being issued against him. Florida Rule of Criminal Procedure 3.191(a)(1) states that the 180-day time period "... shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged." At the time the detainer was issued against relator he was not in custody as a result of the conduct or criminal episode arising in Putnam County but rather was in custody exclusively on the charges in Palm Beach County. The detainer did not place relator in custody as a result of his conduct in Putnam County. He was not placed in custody as a result of his alleged criminal episode in Putnam County until he was freed on the Palm Beach charges and formally arrested on the Putnam County charges.
We hold that under F.R.Cr.P. 3.191(a)(1) the 180-day time period in which the state had to bring relator to trial commenced to run when he was formally arrested on the Putnam County charges. We are aware that our sister court in Hargrove v. State, 281 So.2d 390 (2 Fla.App. 1973), and State v. Sutton, 269 So.2d 712 (2 Fla.App. 1973), has taken the position that the time period commences to run when a detainer is issued. As a detainer does not operate to place the person against whom it is issued in custody as a result of the conduct which gives rise to the detainer, we respectfully decline to follow the decisions of our sister court in Hargrove and Sutton, supra.
The Suggestion for Writ of Prohibition is denied.
RAWLS, C.J., and SPECTOR and JOHNSON, JJ., concur.