352 So.2d 55 (1977)
STATE of Florida, Petitioner,
v.
Charles A. BASSHAM, Respondent.
No. 50387.
Supreme Court of Florida.
September 15, 1977.
Robert L. Shevin, Atty. Gen., and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for petitioner.
Robert E. Jagger, Public Defender, Frank J. Lynch, Jr., and Thomas P. McAlvanah, Asst. Public Defenders, Dade City, for respondent.
KARL, Justice.
This cause is before us on certiorari granted to review the decision of the District Court of Appeal, Second District, in State v. Bassham, 336 So.2d 616 (Fla. 2d DCA 1976), which directly conflicts with State ex rel. Williams v. Eastmoore, 297 So.2d 572 (Fla. 1st DCA 1974) and O'Bryan v. State, 326 So.2d 83 (Fla. 1st DCA 1976), certiorari denied 336 So.2d 602 (Fla. 1976).
While respondent was in the custody of the Hillsborough County Sheriff's Office, a detainer was placed on him by the Pasco County Sheriff's Office on July 28, 1975. After having been transferred to Polk County as a result of a detainer filed by the Polk County Sheriff's Office, respondent was delivered to the Pasco County Sheriff's Office on March 1, 1976, at which time he was served with a capias for his arrest. He was arraigned, and trial was set for April 1, 1976, more than 180 days after the formal arrest of respondent. Relying on State v. Sutton, 269 So.2d 712 (Fla. 2d DCA 1972), the trial court granted respondent's pro se motion for discharge under the speedy trial rule, although he recognized that Sutton, supra, conflicts with State ex rel. Williams v. Eastmoore, supra.
The sole question before us for review is whether a detainer placed by one county for a prisoner held by another county is considered custody within the contemplation of the speedy trial rule from which time speedy trial time commences to run.
We do not agree with the District Court's affirmative response to this issue, but rather, we would adopt the rationale of the District Court, First District, in Eastmoore, supra, and O'Bryan, supra.
Rule 3.191(a)(1), Fla.R.Crim.P., provides in pertinent part:
"The time periods established by this section shall commence when such person is taken into custody as a result of the *56 conduct or criminal episode giving rise to the crime charged."
Relator, in Eastmoore, supra, sought to prohibit his trial on three counts of armed robbery on the ground that he had been denied his right to speedy trial. Awaiting trial on charges unrelated to the armed robbery offenses, relator had been confined in the Palm Beach County jail during October, 1973. While he was confined there, officials from Putnam County, in October of 1973, placed a detainer against him on the basis of the armed robbery charges which arose in Putnam County. The District Court denied the suggestion for writ of prohibition and explained:
"At the time the detainer was issued against relator he was not in custody as a result of the conduct or criminal episode arising in Putnam County but rather was in custody exclusively on the charges in Palm Beach County. The detainer did not place relator in custody as a result of his conduct in Putnam County. He was not placed in custody as a result of his alleged criminal episode in Putnam County until he was freed on the Palm Beach charges and formally arrested on the Putnam County charges.
"We hold that under F.R.Cr.P. 3.191(a)(1) the 180-day time period in which the state had to bring relator to trial commenced to run when he was formally arrested on the Putnam County charges...."
In O'Bryan, supra, the First District Court of Appeal reiterated the proposition that "[t]he detainer warrant is not equivalent for purposes of speedy trial considerations, to an arrest on indictment or information." This Court denied a petition for writ of certiorari seeking review of this decision. Accordingly, we hold that a detainer placed by one county for a prisoner held by another county is not considered custody within the contemplation of the speedy trial rule so as to commence the running of the speedy trial time.
To the extent that Hargrove v. State, 281 So.2d 390 (Fla. 2d DCA 1973), and State v. Sutton, supra, are inconsistent herewith, they are overruled.
The decision of the District Court under review is quashed, and this cause is remanded for further proceedings consistent herewith.
It is so ordered.
OVERTON, C.J., and ENGLAND, SUNDBERG and HATCHETT, JJ., concur.