352 So.2d 98 (1977)
Phillip M. EADDY, a/k/a Theron William Bryant, Appellant,
v.
STATE of Florida, Appellee.
No. 77-115.
District Court of Appeal of Florida, Fourth District.
October 18, 1977.
Rehearing Denied December 15, 1977.
R.V. Richards, Special Public Defender, Titusville, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Benedict Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant seeks reversal of the judgment and sentence finding him guilty of carrying a concealed weapon and placing him on probation for seven years. The specific error alleged by appellant is the denial of his motion for discharge under the speedy trial rule.
The following is the chronology of this case, as set forth in appellant's brief:
"(1) On August 20, 1975, the Defendant was arrested in Brevard County and charged with an offense [carrying a concealed weapon] and posted a cash bond conditioned upon his appearance for preliminary hearing on August 25, 1975. The Defendant failed to appear on the appearance date, and the bond was estreated and a bench warrant issued.
"(2) On September 25, 1975, the State of Alabama filed with Brevard County a detainer on a charge of escape from an Alabama prison.
"(3) On October 7, 1975, the Defendant was arrested in DeSoto County on another charge.
"(4) On October 8, 1975, Brevard County, by teletype, placed a detainer with DeSoto County, and on October 9, 1975, sent a letter to DeSoto County including a Brevard County warrant on a Brevard County charge, and notified DeSoto County of the Alabama detainer.
"(5) On November 3, 1975, Indian River County filed a detainer with DeSoto County as to a third charge against the Defendant.
"(6) Sometime between November 3, 1975, and December 17, 1975, the Brevard County State Attorney's Office agreed with the Indian River County State Attorney's Office that the Defendant could *99 be tried in the Indian River case before he was to be brought back to Brevard County on the Brevard County detainer.
"(7) On December 17, 1975, DeSoto County made a decision not to prosecute the Defendant on the DeSoto County charge.
"(8) On December 18, 1975, Indian River County obtained custody of the Defendant from DeSoto County.
"(9) On December 19, 1975, DeSoto County formally nolle prosequi the DeSoto County charge against the Defendant.
"(10) On January 5, 1976, the Defendant pled not guilty to the Indian River County charge, and was held in custody in Indian River County until April 27, 1975, [sic] when the trial on the Indian River County charge was commenced, resulting in a verdict of not guilty on April 29, 1976.
"(11) On April 30, 1976, Brevard County obtained custody of the Defendant from Indian River County.
"(12) On June 3, 1976, the Defendant filed a motion to dismiss for failure to provide a speedy trial under RCrP Rule 3.191, which motion was subsequently amended.
"(13) On June 6, 1976, the trial Court heard the Defendant's amended motion to discharge. The aforementioned facts were stipulated to by the State and the defense, adopted by the Court and the Defendant's motion was denied. On said date, Defendant entered a conditional plea specifically reserving right to appeal the denial of his amended motion to discharge."
It is appellant's contention that Fla.R. Crim.P. 3.191(a)(1) required the State to bring appellant to trial without demand within 180 days from the date Brevard County filed the detainer with DeSoto County. The State on the other hand contends that the speedy trial time began to run as to appellant on the weapons charge when Brevard County obtained custody of appellant on April 30, 1976. We agree with the State's position and affirm the judgment and conviction appealed from.
The question presented by this appeal is: Does the filing of a detainer against an accused who is imprisoned outside the jurisdiction of the authority which filed the detainer activate the 180 day period within which the accused must be tried under Fla. R.Crim.P. 3.191(a)(1)?
At the present time the answer to that question appears to be in conflict. In State v. Sutton, 269 So.2d 712 (Fla.2d DCA 1973), and Hargrove v. State, 281 So.2d 390 (Fla.2d DCA 1973), the Second District Court of Appeal held that the time for bringing an accused to trial under the Rule begins to run from the date a detainer is filed. But the First District Court of Appeal in State ex rel. Williams v. Eastmoore, 297 So.2d 572 (Fla.1st DCA 1974), expressly refused to follow Sutton and Hargrove and held:
"The sole question presented by this suggestion for writ of prohibition is whether or not Florida Rule of Criminal Procedure 3.191, 33 F.S.A., requires that an accused be brought to trial within 180 days of the detainer being issued against him. Florida Rule of Criminal Procedure 3.191(a)(1) states that the 180-day time period `... shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged.' At the time the detainer was issued against relator he was not in custody as a result of the conduct or criminal episode arising in Putnam County but rather was in custody exclusively on the charges in Palm Beach County. The detainer did not place relator in custody as a result of his conduct in Putnam County. He was not placed in custody as a result of his alleged criminal episode in Putnam County until he was freed on the Palm Beach charges and formally arrested on the Putnam County charges.
"[1, 2] We hold that under F.R.Cr.P. 3.191(a)(1) the 180-day time period in which the state had to bring relator to trial commenced to run when he was formally arrested on the Putnam County charges. We are aware that our sister *100 court in Hargrove v. State, 281 So.2d 390 (2 Fla.App. 1973), and State v. Sutton, 269 So.2d 712 (2 Fla.App. 1973), has taken the position that the time period commences to run when a detainer is issued. As a detainer does not operate to place the person against whom it is issued in custody as a result of the conduct which gives rise to the detainer, we respectfully decline to follow the decisions of our sister court in Hargrove and Sutton, supra." 297 So.2d at 573.
The First District elaborated on Eastmoore in O'Bryan v. State, 326 So.2d 83 (Fla.1st DCA 1976), stating:
"[4-6] After the detainer warrant was filed and before O'Bryan demanded a speedy trial, neither Constitution nor Rule required the State to move with the same diligence toward trial as is necessary when the accused is in the State's custody or otherwise under its restraint. The detainer warrant is not equivalent, for purposes of speedy trial considerations, to an arrest on indictment or information. State ex rel. Williams v. Eastmoore, 297 So.2d 572 (Fla.App.1st, 1974); contra, Hargrove v. State, 281 So.2d 390 (Fla.App.2d, 1973), and State v. Sutton, 269 So.2d 712 (Fla.App.2d, 1972). The most pressing burden which a speedy trial alleviates is that which results from pretrial incarceration. Barker v. Wingo, 407 U.S. 514, 532-33, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101, 118 (1972). To request another sovereign to make its prisoner available at the end of his sentence does not newly imprison the accused. Our Rule therefore does not extend speedy trial benefits to a foreign prisoner until he demands those benefits. Perez v. State, 283 So.2d 575, 576 (Fla.App.4th, 1973), cert. den. 289 So.2d 739 (Fla. 1974)." 326 So.2d at 87-88.
In obiter dicta this court stated in Stevenson v. State, 300 So.2d 281 (Fla.4th DCA 1974), that the speedy trial time commenced with the filing of a detainer. That statement was not necessary to the decision in that case and we expressly recede therefrom because we agree with the reasoning set forth in the above cited decisions of the First District Court of Appeal.
Accordingly we conclude that the trial court committed no error in denying appellant's motion for discharge pursuant to Rule 3.191(a)(1). The judgment and sentence appealed from is AFFIRMED.
LETTS, J., and BURNSTEIN, MIETTE K., Associate Judge, concur.