CHARLES CARROLL (Ret.), Associate Judge.
This is an original proceeding in prohibition. A rule nisi was issued, to which respondent filed a response, and the matter was argued.
We hold respondent’s return showed good cause, and the application of the relator for issuance of a writ in prohibition is denied on authority of State v. Bassham, 352 So.2d 55 (Fla.1977); Williams v. Eastmoore, 297 So.2d 572 (Fla.1st DCA 1974); O’Bryan v. State, 326 So.2d 83 (Fla.1st DCA 1976).
The facts revealed in the suggestion for prohibition are the following: On March 31, 1975 and April 24, 1975 warrants for the arrest of the relator were issued in Dade County for instances of breaking and entering. At that time the relator was in custody of the Broward County Sheriff’s Office, held there on charge of offense committed in that county. On August 28, 1975 the relator was convicted thereon in a court in Broward County, and was sentenced to imprisonment in the Florida State Prison System for a term of three and one-half years. Thereafter, with no arrest of the relator having been made on the Dade County warrants, and while the relator was imprisoned on the basis of said Broward County court sentence, Dade County, on January 26, 1976, placed a detainer against the relator with the Department of Offender Rehabilitation. On September 22, 1977, an information or informations were filed against the relator charging him with said breaking and entering offenses alleged to have been committed in Dade County [case Nos. 77-28162 and 77-28182]. Thereafter, relator moved for discharge under Fla.R.Crim.P. 3.191(b)(1). The motion was denied and this proceeding in prohibition followed.
Under the section of the rule just cited, a person while thus imprisoned who is charged by indictment or information “whether or not a detainer has been filed against such person”, shall without demand be brought to trial within one year (for crimes of the type for which he was informed against here). The rule further provides that such one-year period “shall *216 commence when the person is taken into custody as a result of the subject conduct or criminal episode, or when the subject charge of crime is filed, whichever is earlier, whether or not such period may commence to run before such person began to serve his term of imprisonment”, [emphasis supplied]
Thus, in this case, if the one-year period within which it was required that the relator be brought to trial commenced when the detainer was filed on January 26, 1976, while he was thus imprisoned, the period for trial' would have elapsed before he moved for discharge. On the other hand, if the trial period commenced on the date of the filing of the information or informa-tions against him on September 22, 1977, the one-year period for trial had not expired, and the denial of the motion for discharge was proper.
That presents the question of whether in the circumstances of this case, the commencement date of the trial period was the time of the filing of the information or informations, or the time of the placing of the detainer.
In Bassham the Supreme Court, adopting the rationale of the earlier decisions of the First District Court of Appeal in Eastmoore and O’Bryan, held:
“ * * * Accordingly, we hold that a detainer placed by one county for a prisoner held by another county is not considered custody within the contemplation of the speedy trial rule so as to commence the running of the speedy trial time.”
In Bassham the Pasco County Sheriff’s Office filed a detainer on July 28, 1975 against a man who was being held by the Hillsboro County Sheriff’s Office. Later, when he was delivered to the Pasco County Sheriff’s Office on March 1, 1976, he was served with a capias for his arrest. Thereafter, he was arraigned and trial was set for April 1, 1976. The Supreme Court held the defendant was not entitled to discharge. Involved there was subsection (a)(1) of Fla. R.Crim.P. 3.191 requiring that the defendant be brought to trial within 180 days (from the time the defendant was “taken into custody as a result of the conduct or criminal episode giving rise to the crime charged”). Therefore, in that case it appeared that if the 180-day period commenced when the detainer was filed on July 28, 1975, the trial date of April 1, 1976 would be beyond the trial period. However, if the period commenced when the defendant was delivered to and arrested in Pasco County on March 1, 1976, the trial date was well within the required period. As noted above, the Supreme Court held that the filing of the detainer against the defendant did not commence the 180-day period and that its commencement was the time of the subsequent arrest.
Although the cases cited above involved the 180-day period (where the detainers involved in those cases were filed while the defendant was not “imprisoned in a Florida penal or correctional institution” but was in custody in another county being held awaiting trial there) the holding as to the effect of the detainer would appear to be the same for the one-year period [under subsection (b)(1)], where the person is “imprisoned”.
The section of the rule applicable in the instant case provides that the period for trial shall commence either when the person is taken into custody as a result of the subject conduct or criminal episode, “or when the subject charge of crime is filed, whichever is earlier”. He was not arrested on the Dade County warrants previous to the filing of the information or informa-tions. The placing of the detainer was not a taking into custody for the Dade County criminal episodes (Bassham, supra). We hold the filing of the information or infor-mations started the running of the one-year period for trial here, as contended in the response to the rule nisi issued by this court.
The argument of the relator that it was the placing of the detainer rather than the filing of the information that constituted the filing of “the subject charge of crime”, which marked the start of the time period, is unsound. The alternative period starters specified in the rule, that is, the time of arrest or when the subject charge of crime is filed, must be considered in connection with the first part of the section, wherein *217 the one-year (or two-year) period for trial is made applicable to an imprisoned person when he is charged by indictment or information, whether or not a detainer has been filed.
Clearly, where no detainer is filed, then in the absence of arrest the information would be the “subject charge of crime”, the filing of which would start the running of the time. It should not be otherwise simply because a detainer was filed.
A detainer placed against a person who is in custody or imprisoned is not the filing of a charge of crime upon which the person could be brought to trial. One can be brought to trial on an information filed by a state attorney or on an indictment submitted by a grand jury. A detainer can be filed or placed against a person by a sheriff or other law enforcement officer. Black’s Law Dictionary defines detainer as “A writ or instrument, issued or made by a competent officer, authorizing the keeper of a prison to keep in his custody a person therein named.”
For the reasons stated, the rule nisi previously issued in this cause is vacated, and the suggestion in prohibition is dismissed.