370 So.2d 420 (1979)
John Anderson ROBBINS, a/K/a John Anderson Robinson, Appellant,
v.
STATE of Florida, Appellee.
No. JJ-171.
District Court of Appeal of Florida, First District.
April 26, 1979.
Rehearing Denied May 30, 1979.
*421 Michael J. Minerva, Public Defender, Margaret Good, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Carolyn Snurkowski and Miguel A. Olivella, Jr., Asst. Attys. Gen., for appellee.
MASON, ERNEST E., Associate Judge.
An Escambia County jury convicted appellant Robbins, a/k/a Robinson, of first degree murder and robbery while carrying a firearm. The trial court adjudicated him guilty and sentenced him to consecutive life sentences. He appeals on the grounds that he was denied a speedy trial by the State as required by Florida Rules of Criminal Procedure, Rule 3.191(a)(1), that the evidence consisting of a gun found in his motel room should have been suppressed, that a confession made by him was not voluntary and should not have been admitted into evidence, that the trial court improperly limited the voir dire examination of jurors and that the court erred in not granting a mistrial because of improper cross-examination of appellant by the prosecutor.
We find the last four points of alleged error completely without merit and that the only point worthy of discussion is the one regarding the question of his alleged denial of a speedy trial.
We affirm. The trial court's order denying appellant's motion to discharge on the ground of denial of a speedy trial states as follows:
"This matter is before the Court on the defendant's motion to dismiss which the Court shall treat as a motion to discharge pursuant to Florida Rules of Criminal Procedure 3.191(d)(1). The Court finds that the motion is not well taken and should be denied. While the defendant was in custody of the Duval County Sheriff's Office for an unrelated armed robbery case, a detainer was placed on him by the Escambia County Sheriff's Office on July 28, 1977. On September 16, 1977, the defendant was sentenced in Duval County on the unrelated charge to fifteen years. On September 21, 1977, the defendant was formally taken into custody and arrested under the charge in the present indictment. The Supreme Court of Florida has held in State v. Bassham, 352 So.2d 55, that a detainer placed by one county for a prisoner held by another county is not considered custody within contemplation of the speedy trial rule so as to commence running of speedy trial time.
"In addition, the Court finds that there has been a waiver pursuant to Florida Rule of Criminal Procedure 3.191(d)(2). The Court announced in open court the trial date. The transcript of that proceeding affirmatively shows that the defendant's attorney agreed to the date in question. Therefore, it is
"ORDERED AND ADJUDGED that the motion to discharge is hereby denied.
"DONE AND ORDERED at Milton, Santa Rosa County, Florida, this 29th day of January, 1978."
We find that the court below did not err in denying appellant's motion for the reasons stated by him in this order.
The operative facts which determine our decision herein are as follows:
July 23, 1977  Defendant was arrested and placed in custody in the Duval County jail on a Duval County robbery charge.
*422 July 28, 1977  An "Out of Town Arrest and Booking Report" was filed by the Escambia County authorities. However, the service of that report did not place defendant in Escambia County custody. He was already in the custody of the Duval County authorities under the Duval County charge.
September 16, 1977  Defendant was sentenced in Duval County on the unrelated robbery charge.
September 20, 1977  Defendant was indicted by Escambia County for murder and robbery.
September 21, 1977  Defendant was formally arrested by service of a capias upon him and taken into Escambia County custody on the charges contained in the Escambia County indictment.
January 30, 1978  Defendant was tried under the indictment and found guilty as charged.
It is appellant's position that the speedy trial rule time began to run on July 28, 1977, and in support of his claim he attached to his motion for discharge a document designated an "Out of Town Arrest and Booking Report" dated July 28, 1977. This document cannot be considered as an arrest warrant for it does not meet the requirements of Florida Rule of Criminal Procedure 3.121. No copy of any arrest warrant was attached to the motion as a basis to sustain the motion. The attached exhibit is no more than a detainer or hold order requested by the Escambia County authorities. Appellant was never in Escambia County custody until he was arrested on September 21, 1977, by service upon him while in the Duval County jail of a capias issued under the Escambia County indictment. Thus the speedy trial rule time began to run from September 21, 1977, and since appellant was tried on January 30, 1978, he was tried well within the time limits of the rule.
The speedy trial provision which applies to the situation sub judice is Rule 3.191(a)(1) which states as follows:
"Speedy Trial Without Demand. Except as otherwise provided by this Rule, every person charged with a crime by indictment or information shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, capital or non-capital, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during such period of time for trial. The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged. A person charged with a crime is entitled to the benefits of this Rule whether or not such person has been held to answer at a preliminary hearing, or whether or not such person has waived such hearing, and whether such person is in custody awaiting trial or is at liberty on bail or recognizance. If such person is serving a sentence of imprisonment elsewhere than Florida for conviction of an unrelated crime, the operation of this section shall not be effective until such person is no longer confined. This section shall cease to apply whenever a person files a demand for speedy trial under § (a)(2)." (Emphasis supplied)
Pursuant to the above stated rule, the running of the speedy trial requirement commenced on September 21, 1977, when defendant was formally taken into custody and arrested by Escambia County officials. State v. Bassham, 352 So.2d 55 (Fla. 1977). In Bassham, the Supreme Court was called upon to answer the question of whether a detainer placed by one county for a prisoner held by another county is considered custody within the contemplation of the speedy trial rule from which time speedy trial time commences to run. The court adopted the rationale of this court in Williams v. Eastmoore, 297 So.2d 572 (Fla.1st DCA 1974) and answered the question as follows:

*423 "Rule 3.191(a)(1), Fla.R.Crim.P., provides in pertinent part:
`The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged.'
"Relator, in Eastmoore, supra, sought to prohibit his trial on three counts of armed robbery on the ground that he had been denied his right to speedy trial. Awaiting trial on charges unrelated to the armed robbery offenses, relator had been confined in the Palm Beach County jail during October, 1973. While he was confined there, officials from Putnam County, in October of 1973, placed a detainer against him on the basis of the armed robbery charges which arose in Putnam County. The District Court denied the suggestion for writ of prohibition and explained:
`At the time the detainer was issued against relator he was not in custody as a result of the conduct or criminal episode arising in Putnam County but rather was in custody exclusively on the charges in Palm Beach County. The detainer did not place relator in custody as a result of his conduct in Putnam County. He was not placed in custody as a result of his alleged criminal episode in Putnam County until he was freed on the Palm Beach charges and formally arrested on the Putnam County charges.
`We hold that under F.R.Cr.P. 3.191(a)(1) the 180-day period in which the state had to bring relator to trial commenced to run when he was formally arrested on the Putnam County charges . .. .'
"In O'Bryan, supra, the First District Court of Appeal reiterated the proposition that `[t]he detainer warrant is not equivalent for purposes of speedy trial considerations, to an arrest on indictment or information.' This Court denied a petition for writ of certiorari seeking review of this decision. Accordingly, we hold that a detainer placed by one county for a prisoner held by another county is not considered custody within the contemplation of the speedy trial rule so as to commence the running of the speedy trial time." (352 So.2d at pages 55, 56)
Therefore, Rule 3.191(a)(1) and Bassham are controlling in this case. Defendant was tried on January 30, 1978, well within 180-days from September 21, 1977, when he was formally taken into custody and arrested for the murder and robbery charges. In my view, the trial court was correct in denying the motion for discharge. In so holding, we find no conflict with Lewis v. State, 357 So.2d 725 (Fla. 1978), relied upon by appellant, for the facts of this case are completely different than those in Lewis. The defendant in Lewis was in the custody of the applicable state officials on the date he was initially arrested. His initial arrest was not merely a detainer issued to another county which county held him in its custody on an unrelated offense as are the facts in this case.
Furthermore, the colloquy between the trial judge, the State's attorney and appellant's attorney which took place on December 14, 1977, indicates that even if the speedy trial rule began to run on July 28, 1977, as to the Escambia County charges, appellant waived the rule for the last statement his attorney made to the court was that he would be ready for trial on January 30, 1978, the date that the court set for such trial.
In summary, the record discloses (1) that the custody of the appellant prior to September 21, 1977, was that of the Duval County authorities, and (2) that appellant has waived the speedy trial rule.
The judgments and sentences of the trial court are therefore affirmed.
MELVIN J., concurs in part and dissents in part.
MILLS, Acting C.J., dissents.
MELVIN, Judge, concurs in part and dissents in part.
The dates of the occurrences of the events considered pertinent to the disposition *424 of this cause are set forth in the majority opinion as prepared by Judge Mason. It is my view that when, on September 16, 1977, the defendant was sentenced in the Circuit Court in and for Duval County, Florida, to serve a period of time in the state prison on the unrelated robbery charge that had occurred in Duval County, from such moment forward he was a prisoner confined in the Duval County Jail, a correctional institution within the contemplation of Fla.R.Crim.P. 3.191(b)(1). It follows therefore, in my opinion, that when the defendant was indicted by the Escambia County Grand Jury on September 20, 1977, for the crime of murder in the first degree and also for the crime of robbery, and on September 21, 1977, was formally arrested upon a capias issued by Escambia County based upon such indictment, he, being a prisoner within the contemplation of such rule, was not entitled to the benefit of the 180-day rule referred to in the majority opinion but rather that the State of Florida had a period of two years from September 21, 1977, to bring the defendant to trial.
I agree that the judgments and sentences imposed shall stand affirmed.
MILLS, Acting Chief Judge, dissents.
I dissent.
An Escambia County jury convicted Robbins of first degree murder and robbery while carrying a firearm. The trial court adjudicated him guilty and sentenced him to consecutive life sentences. He appeals contending the State denied him a speedy trial.
On 23 July 1977, Robbins was arrested and incarcerated in Duval County for an armed robbery committed there. On 28 July, while incarcerated at the Duval County Jail, he was arrested for first degree murder and armed robbery committed in Escambia County. On 16 September, Robbins was sentenced on the armed robbery charge arising in Duval County. On 21 September, he was taken into custody by the Escambia County authorities. The Escambia County grand jury indicted him on 30 September.
On 8 December, Robbins was arraigned. At the arraignment the court set a tentative trial date for 30 January 1978. At this time the court asked the attorneys if this was "in line with your trial calendar." The prosecutor responded that the State had no objection and Robbins' attorney stated he had no conflict.
On 14 December, codefendant Parker filed a motion for severance. At the hearing on the motion, trial dates and speedy trial problems were discussed, with Robbins' attorney pointing out that whenever the case was set he would be ready to try it. The court granted the motion for severance and set the case for trial on 30 January. Robbins' attorney then stated:
"MR. WESLEY: Judge, just to be sure for the record, I trust the court and the State will agree that I have not waived any rights under 3.191 by any statements I have made today. Does the court agree with that statement?
"JUDGE: Well, you said you weren't sure you could be ready by the 9th of January.
"MR. WESLEY: Judge, I'm sure that I can be ready, I'm just not sure that we can schedule everything on the court's docket. I'll try the case whenever it's set.
"JUDGE: All right, it will be set for the 30th of January."
On 27 January, Robbins filed a motion for discharge alleging that his arrest took place on 28 July 1977 and that he had been continuously available for trial either in the Duval County Jail or the Escambia County Jail since that date. Attached to the motion was a copy of an arrest report showing that he had been arrested in Duval County on 28 July for the offenses of armed robbery and first degree murder.
In its order denying the motion for discharge, the court found that while Robbins was in the custody of the Duval County Sheriff, a detainer was placed on him by the Escambia County Sheriff's Office on 28 July; that on 16 September, Robbins was sentenced to 15 years on the Duval County *425 robbery charge; that on 21 September, Robbins was formally taken into custody and arrested on the Escambia County charges. The court cited State v. Bassham, 352 So.2d 55 (Fla. 1977), for its conclusion that a detainer placed by one county for a prisoner held by another county is not considered custody within contemplation of the speedy trial rule.
The motion for discharge alleged that Robbins was arrested and taken into custody for the offenses charged while confined in the Duval County Jail on 28 July. Attached to the motion was a copy of the booking report confirming this arrest date. There was no evidence to the contrary. On 27 January 1978, 181 days had elapsed since 28 July. Florida Rule of Criminal Procedure 3.191(a)(1) requires that a defendant charged with a felony be discharged from the crime if not brought to trial within 180 days from the date taken into custody. A person arrested pursuant to a warrant is taken into custody within the meaning of the Rule. Singletary v. State, 322 So.2d 551 (Fla. 1975).
The court construed Robbins' arrest as the equivalent of a detainer, relying on State v. Bassham, supra. In Bassham the court did not define detainer but there was no contention in that case that an arrest had taken place, while here the record establishes that Robbins was arrested.
The court indicated that Robbins' status was governed by Florida Rule of Criminal Procedure 3.191(b)(1). However, when Robbins was arrested on 28 July, he was not a prisoner because he had not been sentenced. This point was decided in Lewis v. State, 357 So.2d 725 (Fla. 1978), where the Supreme Court pointed out that Rule 3.191(b)(1) does not apply to those defendants being held in jail while awaiting trial.
The other reason for denial of the motion was the court's ruling that there had been a waiver of the speedy trial time when Robbins' attorney agreed to the 30 January trial date. In finding that there was a waiver, the trial judge failed to consider that at the 8 December hearing, the attorneys did not agree to a definite trial date. 30 January was set as a tentative date only.
At the 14 December proceedings, Robbins' attorney neither agreed nor disagreed with the setting of the 30 January date but instead asserted that he was not waiving any speedy trial rights. Speedy trial is not waived by failing to object to a trial date set beyond the time period in the rule. State v. Ansley, 349 So.2d 837 (Fla.1st DCA 1977). Waiver by acquiescence does not apply to the facts of this case. See Stuart v. State, 360 So.2d 406 (Fla. 1978).
I would reverse the judgment appealed and discharge the defendant from the crime charged.