LARRY G. SMITH, Judge.
Gardner has filed a petition for writ of prohibition seeking discharge because of the state’s alleged failure to comply with Rule 3.191(a)(1), Florida Rules of Criminal Procedure. He alleges that he was taken into state custody on July 10,1979, as a result of criminal conduct occurring on that date, and that the state’s failure to bring him to trial on criminal charges arising out of the conduct of July 10, 1979, within 180 days violated his right to speedy trial. The trial court, relying on State v. Andrews, 376 So.2d 9 (Fla.1979), denied Gardner’s motion for discharge on the grounds that the circumstances which occurred on July 10,1979 constituted a “federal arrest” and therefore the Florida speedy trial time period was not triggered on that date. We agree with the trial court and deny the petition.
Petitioner’s argument that he was arrested by state authorities on July 10, 1979, is based on the involvement of Sheriff Robert Leonard in the events of that day. In his deposition, Sheriff Leonard testified that several days prior to July 10,1979, an informant contacted him and attempted to interest him in the alleged illegal activities of petitioner. The Sheriff took no active interest in the matter. However, he subsequently learned that the same informant had contacted agents of the Alcohol, Tobacco and Firearm Bureau, and an agent from the Bureau had met with the informant. *1335 The federal agent, using the Sheriffs Department undercover truck, made a buy of firearms from petitioner using the undercover truck. The agents wanted to make a second buy from petitioner, and they discussed a plan for a “buy and bust” with Sheriff Leonard. It was agreed that two federal agents would meet with petitioner for the purpose of consummating a sale of weapons, and when the agents got ready to arrest petitioner, one agent would give a prearranged signal for another federal agent and Sheriff Leonard to move in. The original plan was for the buy to be made in the open; however, it began raining, and the transaction had to take place in a bus. Because there was no alternative plan in case of bad weather, Sheriff Leonard and the other federal agent began moving toward the bus, even though there had been no signal. As they approached the bus, they heard loud voices and then gunshots. Several of the agents and petitioner were wounded in the ensuing gun battle. The Sheriff testified that he entered the bus, and while one of the federal agents stood over Gardner with his pistol pointed at him, he took a derringer from petitioner’s pocket. The Sheriff handcuffed Gardner, but the handcuffs were not his. The Sheriff testified that he never advised Gardner of his rights nor did he place him under arrest. After one of the federal agents and Gardner were taken to the hospital, the Sheriff testified that he secured the area until the ATP agents got there and did their work. He collected various weapons at the scene which he then turned over to ATF. The next day, the Sheriff fingerprinted Gardner at the hospital: “On account of he had a bad hand and they didn’t have the equipment. They had never fingerprinted a dead man before. They didn’t know about the spoon deal, rolling his prints off without hurting his hand.” When asked whether he had done an absentee booking, the Sheriff answered: “That was turned over to — the Federal agents arrested him and then they made the arrangements to ship him down to the State Prison. But that was theirs. I didn’t.” Leonard stated that after that, he did not take any active part in the investigation. The only thing he did was obtain a warrant and place a detainer against Gardner while he was at the state hospital.
Based on these facts, the trial court correctly determined that this case falls within the rule of State v. Andrews, supra, that a federal arrest on federal charges cannot act to commence the Florida speedy trial time period. Bannister v. State, 382 So,2d 77 (Fla. 5th DCA 1980). We cannot agree, as petitioner contends, that the underlying basis of the Andrews decision is the prospect of a state prosecution being frustrated because the state authorities were not on notice of the federal arrest. Consequently, the operative fact in this case is state custody, or lack of it, rather than the state’s knowledge of petitioner’s conduct and of facts and circumstances which would support a state prosecution as urged by petitioner. The trial judge’s ruling on this point is a factual determination which we are not at liberty to second guess or set aside where there is an evidentiary basis in the record to support it. It is clear from the Sheriff’s deposition that he had no custody of or authority over Gardner on July 10, and that he merely assisted the federal agents in their arrest of Gardner. Further, it is well established in Florida that a detainer is not considered custody within the contemplation of the speedy trial rule so as to commence the running of the speedy trial time period. State v. Bassham, 352 So.2d 55 (Fla.1977); State ex rel. Litvan v. Morphonios, 357 So.2d 214 (Fla. 3rd DCA 1978). See also Robbins v. State, 370 So.2d 420 (Fla. 1st DCA 1979), cert. den. 381 So.2d 769 (Fla. 1980).
Accordingly, the petition is denied.
MILLS, C. J., and McCORD, J., concur.