409 So.2d 221 (1982)
STATE of Florida, Appellant,
v.
Michaela FIVES, Appellee.
No. 81-847.
District Court of Appeal of Florida, Fourth District.
February 3, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellee.
DOWNEY, Judge.
The issue presented in this case involves the commencement of the running of the time for speedy trial.
Appellee was arrested and incarcerated in Dade County pursuant to Dade County charges on October 16, 1980. Other charges were pending in Broward County. Thus, when appellee was arrested in Dade County on October 16, 1980, Broward County officials either lodged a detainer against appellee with the Dade County officials or they had a Broward County warrant served upon appellee. The distinction is vital because, if the former transpired, the speedy trial time did not begin to run because lodging a detainer with the custodian does not amount to an arrest, which is the catalyst that triggers the running of the speedy trial time. On the other hand, if the Broward warrant was served upon appellee in Dade County on October 16, 1980, that amounted to his arrest and custody for the criminal episode that gave rise to the Broward charges and commenced the passage of time for trial under Florida Rule of Criminal Procedure 3.191. State v. Bassham, 352 So.2d 55 (Fla. 1977); Eaddy v. State, 352 So.2d 98 (Fla. 4th DCA 1977); Williams v. Eastmoore, 297 So.2d 572 (Fla. 1st DCA 1974).
In any event, on February 12, 1981, a capias was issued on the Broward charges and served on appellee in Dade County and she was transferred from Dade to Broward County. Thereafter, on April 21, 1981, appellee moved for discharge, alleging that the speedy trial time had commenced October 16, 1981, and had long since expired. At the hearing on said motion no evidence was taken but counsel argued the matter at some length before the trial judge. It was indicated to the judge that the facts were *222 not in dispute. However, the hearing transcript indicates that the parties obviously do not agree on the vital facts necessary to a proper resolution of the motion. Appellee contended she was arrested in Dade County on October 16, 1980, on the Broward charges, while appellant argues that a Broward county detainer was lodged with the Dade officials and that no arrest took place on Broward charges until February 12, 1981.
Clearly, this case needs an evidentiary hearing to establish the actual facts. For that purpose we reverse the order appealed from and remand the cause to the trial court for an evidentiary hearing on the motion for discharge.
REVERSED AND REMANDED, with directions.
ANSTEAD, J., and OWEN, WILLIAM C., JR., (Ret.), Associate Judge, concur.