LEHAN, Judge.
Defendant, through counsel, filed a motion to dismiss on grounds that he was denied his right to speedy trial under rule 3.191, Florida Rules of Criminal Procedure. The trial court granted the motion. We reverse.
On December 3, 1980, defendant escaped from the custody of the Polk County authorities. Defendant was arrested in Hills-borough County on March 5, 1981, for offenses committed in Hillsborough County. Subsequently, Polk County, by reason of charges based upon the December 3, 1980, escape, placed a detainer against defendant while he was in the custody of the Hillsbor-ough County authorities.
On March 11, 1982, defendant filed in Polk County a pro se motion to dismiss the escape charge. In the motion defendant alleged that the state had failed to bring him to trial within the 180-day time period required by rule 3.191(a)(1).
On April 23, 1982 defendant was transferred to the custody of Polk County authorities and was arrested there on April 29, 1982 on the escape charge.
Defendant, through counsel, filed another motion to. dismiss on July 28, 1982 under rule 3.191. On August 9, 1982 the trial court entered a nunc pro tunc order, effective April 23, 1982 (apparently because the trial court had denied the pro se motion on or about that date by unwritten order), denying defendant’s March 11, 1982 pro se *1315 motion to discharge. On August 9,1982 the trial court also entered an order granting defendant’s July 28,1982 motion to dismiss, citing Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980), as authority for the proposition that the 90-day speedy trial period of rule 3.191(d)(3) started upon the denial of defendant’s pro se motion to dismiss.
Initially, we note that the amendments of July 18, 1980, effective January 1, 1981, to rule 3.191 are applicable here. See Fulk v. State, 417 So.2d 1121, 1123 (Fla. 5th DCA 1982).
We reverse because the denial of defendant’s March 11, 1982, pro se motion to dismiss did not start the 90-day period referred to in rule 3.191(d)(3). Subsection (d)(3) of rule 3.191 provides for the discharge of a defendant on speedy trial grounds unless certain exceptions set forth in that subsection exist. Examples of those exceptions are the prior ordering of an extension of the speedy trial time or the failure to hold trial having been attributable to the defendant. That is, that subsection provides for certain exceptions by reason of which a defendant shall not be discharged even though the otherwise applicable speedy trial time periods have expired. That subsection then provides that if discharge is not appropriate due to the existence of any of those exceptions, trial shall take place within 90 days following the denial of the motion for discharge. In the case before us defendant’s pro se motion to dismiss was not denied on the basis that exceptions set forth in that subsection existed. The ground for the denial of that pro se motion appears to have been that the 180-day speedy trial period provided by rule 3.191(a)(1) had not expired. In fact, as of the effective date of the denial, April 23, 1982, the defendant had not even been arrested for the escape charge.
Under subsection (a)(1) of rule 3.191, the 180-day period began when the defendant was taken into custody. The term “taken into custody” is defined under subsection (a)(4), for present purposes, as “when the person is arrested as a result of the conduct ... which gave rise to the crime charged.” Accordingly, defendant’s arrest on April 29, 1982, in Polk County marked the commencement of the speedy trial time period on the Polk County escape charge, and that period had not expired on August 9, 1982 when the trial court granted defendant’s second motion to dismiss. The trial court’s reliance on Butterworth was misplaced because Butterworth, consistent with our foregoing interpretation of subsection (d)(3), said that “the 90-day provision in rule 3.191(d)(3) is applicable only after a ‘pending motion for discharge’ has been denied by the court on the grounds of a continuance or delay attributable to the accused.” 389 So.2d at 969.
Also, the 60-day speedy trial time period provided by subsection (a)(2) of rule 3.191 was inapplicable because defendant’s pro se motion to dismiss did not contain, or constitute, a demand for speedy trial. There is dicta in Butterworth saying that “[t]he denial of this motion has the same practical effect as another type of affirmative demand for a speedy trial.” 389 So.2d at 970. But we do not construe that dicta to mean that the denial of defendant’s pro se motion to dismiss on speedy trial grounds had the effect of being a demand for speedy trial. Again, Butterworth concerned subsection (d)(3) of rule 3.191. We construe that dicta to refer only to the general effect which a denial of a motion to discharge under the foregoing exceptions of subsection (d)(3) would have, i.e., the effect of commencing the 90-day speedy trial period provided for in subsection (d)(3).
Further, the Polk County detainer placed against defendant while he was in Hillsborough County custody did not begin the 180-day speedy trial time period. State v. Bassham, 352 So.2d 55 (Fla.1977); State v. Eastmore, 297 So.2d 572 (Fla. 1st DCA 1974).
REVERSED and REMANDED for proceedings consistent herewith.
BOARDMAN, A.C.J., and RYDER, J., concur.