PER CURIAM.
The State appeals from an order discharging the defendant based on speedy trial grounds. On April 19, 1982, the defendant filed a pro se demand for speedy trial pursuant to Rule of Criminal Procedure 3.191(a)(2) and (c). The State Attorney and defense counsel appeared before the trial court and argued the State's motion to strike the pro se demand for speedy trial in conjunction with a defense motion for discharge. The trial court denied the motion to strike and granted the motion for discharge.
The sole issue presented to the trial court was whether the defendant’s pro se pleading was a bona fide demand for an immediate trial. The state contends that the defendant had not diligently investigated his case and was not actually prepared to go to trial within five days as required by the rule. The trial court rejected the State’s position and found that the defendant made a valid demand for speedy trial, and that he wished to actually proceed to trial. This case is similar to State v. Fives, 409 So.2d 221 (Fla. 4th DCA 1982), where we were presented with a speedy trial question which was dependent upon which view of the facts had been accepted by the trial court. In Fives, the appellee contended she was arrested in Dade County on October 16, 1980, and the appellant asserted a mere detainer rather than an arrest had been effected at that time. As was stated in Fives, at page 222:
Clearly, this ease needs an evidentiary hearing to establish the actual facts. For that purpose we reverse the order appealed from and remand the cause to the trial court for an evidentiary hearing on the motion for discharge.
In the instant case, counsel appeared before the trial court and argued the matter but did not present evidence. The defendant was present in the courtroom but did not testify. We reverse and remand the matter to the trial court for an evidentiary hearing.
REVERSED AND REMANDED.
BERANEK and GLICKSTEIN, JJ., concur.
SMITH, RUPERT JASEN, Associate Judge, concurs specially with opinion.