SMITH, RUPERT JASEN, Associate Judge,
concurring specially:
This case comes to us on appeal by the State of Florida from an order of the trial judge discharging the appellee, Gregory Gonzalez, on September 10, 1982.
Gonzalez was serving a sentence of five (5) years for attempted burglary, having been sentenced and convicted on October 30, 1979. He escaped from the Belle Glade Penal Institution on July 3, 1980. He was apprehended and returned to prison on March 24, 1982. On July 21, 1980, the State Attorney for the Fifteenth Judicial Circuit filed an information against Gonzalez for “escape.” On April 19, 1982, the defendant filed a pro se demand for a speedy trial under Florida Rules of Criminal Procedure 3.191. The State Attorney’s Office from the Fifteenth Judicial Circuit *1301 attempted to have the subject Gonzalez returned from Lake Butler to the Fifteenth Judicial Circuit but was unable to do so. The State filed a Motion to Extend Time of the trial due to the fact that Gonzalez had been determined to be a chronic schizophrenic by the prison psychiatrist. The trial judge entered an oral order extending the time for the speedy trial which was done on June 25, 1982. The trial court in its September 10, 1982 Order determined that under the Speedy Trial Rule, subsection (d)(2), “The periods of time established by this rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured.” The trial court subsequently determined that June 25, 1982 simply fell after the 60 day period and, therefore, the extension was not valid.
This case is interesting from the standpoint that the State Attorney and the defense counsel from the Public Defender’s Office got into a legal discourse with the trial court as to whether the pro se demand for speedy trial was a bona fide demand by Gonzalez. No one addressed the question as to what the proper date should be for the commencement of the running of the Speedy Trial Rule.
In reviewing the record it is clear that, as a result of Gonzalez’s escape, an information was filed on July 21, 1980 and that based on that, an arrest warrant was issued on July 22, 1980, apparently, all concerned concluded that March 24, 1982, the date of Gonzalez’s recapture, was the date that the 180 day Speedy Trial Rule commenced, but a review of the Speedy Trial Rule is clear that for purposes of the Rule, “A person is taken into custody when the person is arrested as a result of the conduct of a criminal episode which gave rise to the crime charged .... ” This is set forth clearly in sub-paragraph (a)(4) of the Rule. The key date of Gonzalez’s arrest under the outstanding arrest warrant was June 29, 1982, when the arrest warrant was executed by a deputy sheriff of Palm Beach County, Florida. Therefore, since Rule 3.191(a)(1) states that a person charged with a crime by Information or Indictment constituting a felony (of which escape is a second degree felony), shall be brought to trial within 180 days of the time set in (a)(4), the 180 days does not commence to run until that person is arrested, which arrest can be consummated by serving a notice to appear in lieu of physical arrest. Here, Gonzalez was not arrested under the escape charge until June 29, 1982, therefore, a demand for speedy trial under (a)(2) cannot be invoked or precipitated by a person until the 180 day period begins to run. I would determine that the 180 day period began to run June 29, 1982, and, therefore, the pro se demand for a speedy trial was, to say the least, premature. The trial court was in error in discharging Gonzalez under his pro se demand for a speedy trial inasmuch as his demand would not have been effective until the warrant for escape was served on him.
This opinion simply states that one cannot precipitate a speedy trial upon demand prior to the time that one is arrested upon information lodged against him and the 180 day period begins to run. The fact that Gonzalez was apprehended and returned to prison to continue serving his initial sentence does not necessarily give rise to the timetable set out in Rule of Criminal Procedure 3.191; the state could have merely required him to serve his original sentence without being awarded gain time for good behavior [See Section 944.28, Florida Statutes (1979)], or not prosecuted Gonzalez for escape until much later, before the statute of limitation ran, his return to custody was simply to serve his sentence and not as a “physical arrest”, as defined in (a)(4), which states a person is taken into custody when arrested, “as a result of the conduct or criminal episode which gave rise to the crime charged,” that date was June 29, 1982, when the arrest warrant was executed for “escape” under Section 944.40, Florida Statutes (1979).
This set of facts is much like the “detain-er” cases which are set out in State v. Fives, referred to in the per curiam opinion. There, the fact to be decided by an eviden-tiary hearing is whether Fives was de *1302 tained or formally arrested, if detained, the 180 day period does not commence to run, if formally arrested, the 180 day period begins to run; as the First District Court of Appeal stated in Williams v. Eastmoore, 297 So.2d 572:
We hold that under F.R.Cr.P. 3.191(a)(1), the 180 day time period in which the state had to bring relator to trial commenced to run when he was formally arrested on the Putnam County charges.
The First District Court of Appeal’s rationale was adopted by the Florida Supreme Court in 1977 in the case of State of Florida v. Bassham, 352 So.2d 55, which states:
In O’Bryan [v. State, 326 So.2d 83], supra, the First District Court of Appeal reiterated the proposition that “[t]he de-tainer warrant is not equivalent for purposes of speedy trial considerations, to an arrest on indictment or information.” This Court denied a petition for writ of certiorari seeking review of this decision. Accordingly, we hold that a detainer placed by one county for a prisoner held by another county is not considered custody within the contemplation of the speedy trial rule so as to commence the running of the speedy trial time.
It is also to be noted that contemporaneous with the Supreme Court decision above, the Fourth District Court of Appeal was receding from its position that the 180 day rule commences to run upon defendant’s detainer, rather than his formal arrest. See Eaddy v. State of Florida, 352 So.2d 98. Thus, Gonzalez’s incarceration at the state prison in Lake Butler is analogous to a defendant’s detainer in the above cited cases.
The question of whether the speedy trial demand filed by Gonzalez was bona fide or not in this particular case is irrelevant in my view.