ERVIN, Chief Judge.
This case raises the issue of which date triggers the running of the time for speedy trial — the receipt by prison officials of the capias at the institution where appellant was incarcerated, or service of the capias upon the defendant by county officials in Duval County upon his return from prison? We agree that under the provisions of Florida Rule of Criminal Procedure 3.191(a)(1), effective January 1, 1981, the applicable time began when the capias was served, and because less than 180 days had expired from such time until disposition of the charges against the appellant, the lower court correctly denied the motion for discharge. Accordingly, the judgment and sentence for the offense which appellant had sought to be discharged is affirmed.
In March, 1982, appellant escaped from the Jacksonville Correctional Institution, resulting in an information for such offense being filed and a capias issued on April 29, 1982. Later, on June 13, 1982, appellant was arrested in Dade County on charges of aggravated assault and concealment of a firearm. He was convicted of *1054 the latter offense only, and on October 19, 1982, was placed in the custody of the Department of Corrections. Receipt of the outstanding Duval capias for the offense of escape was acknowledged by Department officials on December 8, 1982, and was filed by them as a detainer. While he was still serving the Dade County sentence, the lower court ordered appellant’s return to Duval County to answer the pending escape charge, and on May 26, 1983 he was formally arrested there for such offense.
The provisions of amended Rule 3.191(a)(1), which are fully applicable to the facts before us, require that every person charged with a felony be brought to trial within 180 days without demand. Such persons include those “in custody in a jail or correctional institution of this state or a political sub-division _” (e.s.) The committee note to subsection (a)(1) states: “(1) Prisoners in Florida institutions are now treated like any other defendant [formerly (b)(1) ].” Rule 3.191(b)(1), as it existed before its amendment in 1980, generally provided that persons convicted of felonies, not involving violence, were to be brought to trial within one year, or, if the felony was a non-capital offense involving violence, within two years. Thus, the effect of the amendment was to shorten the period of time from one or two years to 180 days within which to try state prisoners, thereby making the same time periods applicable to all persons charged with felonies.
The crucial question, of course, is from what specific event does the 180-day period run? Subsection (a)(1) of the present rule states that “the time periods established by this section shall commence when such person is taken into custody as defined under (a)(4).” Subsection (a)(4), insofar as it is applicable to the facts in this case, states that a person is taken into custody when he “is arrested as a result of the conduct or criminal episode which gave rise to the crime charged, ...” (e.s.) Significantly omitted from the provisions of (a)(4) is that language formerly contained in Rule 3.191 (b)(1) and applicable to state prisoners: “The period of time established by this rule shall commence when the person is taken into custody as a result of the subject conduct or criminal episode, or when the subject charge of crime is filed, whichever is earlier, whether or not such period may commence to run before such person began to serve his term of imprisonment.” (e.s.) Thus, under the present provisions of the rule, the appellant could not have been considered in custody for the offense of escape until he was arrested in Duval County on May 26, 1983. Accordingly, the detainer filed with the prison officials was ineffective to commence the running of the time for speedy trial. Cf. State v. Bassham, 352 So.2d 55 (Fla.1977); State ex rel. Williams v. Eastmoore, 297 So.2d 572 (Fla. 1st DCA 1974); State v. Lazarus, 433 So.2d 1314 (Fla. 2d DCA 1983); Gardner v. Peach, 384 So.2d 1334 (Fla. 1st DCA 1980); State v. Fives, 409 So.2d 221 (Fla. 4th DCA 1982).
Thus, the effect of the amendment is to give prisoners in Florida the benefit of the 180-day period provided to all persons arrested for non-capital felonies. If, however, the prisoner’s custody ensued from an imposed sentence, a detainer lodged at the institution resulting from the filing of a separate offense does not bring into play the running of the time for speedy trial, for the simple reason that the prisoner is not in custody as a result of the conduct giving rise to the offense which was the subject of the detainer. As such, the prisoner’s situation is analogous to one who is in custody in a county jail awaiting trial on charges arising in that county, and, while being so held, a detainer from another county is served on the custodial county’s officials. Cf. Lazarus v. State.
AFFIRMED.
BOOTH and ZEHMER, JJ., concur.