WIGGINTON, Judge.
Webster appeals from the trial court’s order denying his motion for discharge under Florida Rule of Criminal Procedure 3.191. We affirm.
On September 24, 1983, Webster was apprehended by correctional officers while he was attempting to escape from Baker Correctional Institution, and returned to confinement. On September 30, an employee of BCI prepared an “Arrest/Sworn Complaint” report wherein it was alleged that Webster had committed the offense of escape on September 24, 1983. Those areas on the report allowing for entries regarding time, date, and place of arrest were left blank. The report was filed with the Clerk of the Circuit Court on October 4, 1983.
An information was subsequently filed on January 11, 1984, charging appellant with unlawful escape, or attempted escape from lawful confinement. Appellant entered a written plea of not guilty on January 26. A hearing was ultimately held on April 16, which was also the date then entered on the original “Arrest/Sworn Complaint” report as being the date Webster was arrested for the escape charge.
During the hearing, defense counsel orally moved for a speedy trial discharge, contending that appellant was taken into custody for speedy trial purposes on October 4, 1983, when the report was filed with the court clerk. Defense counsel argued that the filing of the complaint initiated the criminal process against Webster and operated as a restraint on his liberty, i.e., the escape complaint would impact adversely on his chances for parole. The trial court denied the motion for discharge, as it was of the opinion that the “ Arrest/Sworn Complaint” report was nothing more than a written complaint, and not evidence of an arrest.
On appeal, Webster argues that the report was the equivalent to the booking report in Perkins v. State, 457 So.2d 1053, 1055 (Fla. 1st DCA 1984), held by this Court as providing sufficient evidence that a defendant was arrested for speedy trial purposes on the date set forth in the report. Webster maintains that to argue that the “Arrest/Sworn Complaint” report was executed on September 30, 1983, but that no arrest occurred until the capias was formally served on April 16, 1984, is to exalt form over substance.
The State contends that the operative fact of an actual arrest is missing in this case, which serves to distinguish it from Perkins and the other cases relied on by Webster. The State’s argument is that Webster has not shown any change in his confinement as a result of his capture, or that he suffered any loss of liberty different from that suffered by any other person who is apprehended, sent home unarrested, and later arrested, since Webster already resides in prison.
The State would analogize the circumstances of this case with those in Powers v. State, 422 So.2d 981 (Fla. 1st DCA 1982), and Lynn v. State, 436 So.2d 416 (Fla. 1st DCA 1983), wherein we held that administrative confinement is not an arrest under the speedy trial rule. We agree with this position. The “Arrest/Sworn Complaint” report is clear on its face that Webster was arrested on April 16, 1984. He has made no showing that he was actually arrested for the escape charge at any earlier time.
AFFIRMED.
THOMPSON, J., concurs.
WENTWORTH, J., dissents.