PER CURIAM.
The appellant state seeks review of an order denying its motion to vacate an order discharging appellee defendant Alfred Dwight Featherston under the speedy trial rule, Rule 3.191(a)(2) CrPR, In re Florida Rules of Criminal Procedure, Fla.1971, 33 F.S.A., 245 So.2d 33. The state contends that the 180 day rule, rather than the 60 day rule, applies. Rule 3.191(a)(2), (b) (2).
The order appealed sets forth the facts the reasoning of the trial court, in pertinent part:
“1. An Information charging the defendant with Unlawful Possession of Marijuana was filed June 23, 1970.
“2. On August 12, 1970 the defendant moved to suppress the evidence which motion was granted by written Order dated August 14, 1970. The State appealed the Order suppressing the evidence and on April 30, 1971 a mandate from the Third District Court of Appeal reversing the Trial Court’s Order of suppression was filed with the Clerk of the Criminal Court of Record.
“3. On June 8, 1971, the case appeared again on the Calendar of the Criminal Court of Record pursuant to the mandate and a trial date of October 8, 1971 was set by the Court. On June 30, 1971, the defendant filed his demand for speedy trial certifying that a copy was served by mail to the Office of the State Attorney on the 28th day of June, 1971. On October 8, 1971 the case came on for trial at which time the surety advised the Court that the defendant had been sentenced to a term of five (5) years in the Penitentiary. The Court finds that the five (5) year sentence imposed by the United States District Court was after the defendant’s demand for a speedy trial was filed in the instant case. On October 8, 1971 the surety was discharged and the case reset for report *852 to have the defendant before the Court on November 24, 1971.
“A. The case was accelerated from November 24, 1971 to November 9, 1971 at which time counsel for the defendant moved for discharge arguing that more than sixty (60) days had passed since the demand for speedy trial was filed June 30, 1971. The State professed no knowledge of the demand for speedy trial and the Assistant State Attorney was unable to locate a copy in his file. There was, however, a copy in the Clerk’s file with the aforementioned certification of service to the State Attorney. The Court found that the defendant-had at all times been present, ready for trial and had not prevented the attendance of witnesses, nor asked for a continuance. Thereupon, the motion for discharge was granted.
“5. On November 12, 1971, the case again appeared on the Court’s Calendar at which time the State moved ore tenus to vacate the Order of discharge citing Florida Criminal Rule of Procedure 3.-191 (formerly 1.191(b)(2)).
“The State argues that the defendant was imprisoned in a penal or correctional institution in this State and, therefore, was not entitled to discharge under the provisions of § (a)(2), but contends that the State had six (6) months in which to try the defendant.
“Such reasoning is rejected by the Court since it is obvious that § (b) (2) was intended to refer to persons serving a sentence of imprisonment and not merely persons who were incarcerated awaiting trial. To give any other construction to the Rule would mean that persons in jail would have to wait six (6) months to be tried while persons not in jail could enjoy the right to a speedy trial within sixty (60) days.
“Had the defendant been sentenced by the United States District Court prior to filing his demand for speedy trial in the instant case, the opinion of this Court might be different. However, the defendant was not serving a sentence of imprisonment at the time his demand for speedy trial was filed and the fact that’ he was being held in jail on both State and Federal charges cannot be construed to deprive the defendant of his right to a speedy trial within the sixty (60) day provision of § (a) (2). * * *”
After a review of the record, briefs and oral argument, it is the position of this court that § (b)(2) of Rule 3.191 controls. We begin with the proposition that § (b) (3) is inapplicable because it refers to a person who is imprisoned upon conviction, in contrast to § (b) (2) which refers to a person who is imprisoned. In the instant case, at the time defendant’s counsel filed the demand for speedy trial, defendant was “ . . . imprisoned in a penal or correctional institution of this State. ...” as stated in § (b)(2). Subsection (a)(2) does not apply because the defendant was not “ . . . continuously available for trial during said period of time,” while under federal custody in the Dade County Jail. Cf. Rule 3.191(f). Therefore, the six months limitation period under § (b) (2) of the speedy trial rule, rather than a sixty day limitation under § (a)(2), is prescribed by Rule 3.191 if one is imprisoned in a penal or correctional institution in this state for another offense.
It is the order of this court that the state shall have fifty-one days to try the defendant after the issuance of our mandate in this case calling for the reversal of the order denying the state’s motion to vacate an oral order for discharge of the defendant under the speedy trial rule.
Reversed and remanded with directions.