MILLS, Judge.
Grace seeks review of the trial court’s order denying his motion for discharge un *445 der the speedy trial rule. He contends that the 180-day rule applies to his case and that he was continuously available for trial during that time. The State contends that the one year rule applies because Grace was imprisoned in another county jail awaiting trial on another charge while charged by information in this case.
On 10 June 1976, Grace was charged with breaking and entering with the intent to commit larceny in Okaloosa County. He pled not guilty. His trial was set for 11 August and he was released on bond. He did not appear for the trial. His bond was estreated and a capias was issued.
On 10 August, Grace was taken into custody in Alabama on a warrant charging him with second degree murder in Walton County. He was imprisoned in Walton County. On 11 September, he escaped for about four hours. Subsequently, the Walton County grand jury indicted him for first degree murder for the same act for which he had been charged with second degree murder. While the Walton County Jail was remodeled, he was transferred to the Santa Rosa County Jail.
Grace was not returned to the Okaloosa County Jail until March 1977. His trial was set for 13 April. He moved for discharge under the 180-day speedy trial rule. His motion was denied and he pled nolo conten-dere reserving the right to appeal the denial of his motion.
Grace was not in custody of Okaloosa County from June 1976 to March 1977. He was at liberty on bond from June to August 1976. He was imprisoned at the Walton County Jail from August 1976 to March 1977 on a charge of second degree murder which was subsequently changed to a charge of first degree murder. These charges were unrelated to the charge made in Okaloosa County.
Grace contends that he was continuously available for trial in Okaloosa County from 12 September 1976 to 13 April 1977 because he was imprisoned in Walton County which is in the same judicial circuit as Okaloosa County, thus more than 180 days have passed which require his discharge under Fla.R.Crim.P. 3.191(aXl). We do not agree.
Grace was imprisoned in Walton County on a charge of second degree murder later changed to a charge of first degree murder committed in Walton County. Walton County did not have custody of Grace on the charge of breaking and entering with the intent to commit larceny committed in Okaloosa County. Okaloosa County did not take custody of Grace on this latter charge until March 1977.
While imprisoned in the Walton County Jail on another charge, Grace was not continuously available for trial on the Okaloosa County charge, therefore Rule 3.191(a)(2) is not applicable. State v. Featherston, 267 So.2d 851 (Fla. 3d DCA 1972).
Although Walton County is in the same judicial circuit as Okaloosa County, we are not aware of any law that would require Walton County, who is holding a defendant for trial on a charge committed there, to deliver or release the defendant to Okaloosa County for trial on a charge committed there.
Fla.R.Crim.P. 3.191(b)(1) applies to this case. It provides that a person who is imprisoned in a penal institution of a subdivision of this State and who is charged by information, whether or not a detainer has been filed, shall without demand be brought to trial within one year, if the crime charged be a felony not involving violence.
Grace was imprisoned in the Walton County Jail while under a charge in Okaloo-sa- County. He did not demand trial. He was charged with a felony not involving violence. The State had one year to bring him to trial. This it was prepared to do when this appeal was taken. The trial court properly denied the motion to discharge.
We affirm the judgment.
McCORD, C. J., and BOYER, J., concur.