414 So.2d 568 (1982)
Roy L. MORRIS, Petitioner,
v.
Ralph W. NIMMONS, a Judge in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, and Dale Carson, Sheriff of Duval County, Florida, Respondent.
No. AI-495.
District Court of Appeal of Florida, First District.
May 6, 1982.
Rehearing Denied June 22, 1982.
*569 Louis O. Frost, Jr., Public Defender, and Raymond A. David, Jr., Asst. Public Defender, for petitioner.
No appearance for respondent.
PER CURIAM.
Petitioner seeks review of the order of the trial court denying his motion for discharge under the speedy trial rule, Florida Rule of Criminal Procedure 3.191.
Petitioner is charged with escape from the Jacksonville Correctional Center. A capias was issued in Duval County on March 23, 1981, and on April 3, 1981, petitioner was arrested in Nassau County. He was charged with resisting arrest and battery on a law enforcement officer and held in the Nassau County jail until the charges were disposed of by sentence on October 1, 1981. On October 6, 1981, he was transferred to the Duval County jail.
On October 30, petitioner filed a motion for discharge pursuant to Rule 3.191(a)(1), Fla.R.Crim.P., alleging that he had not been brought to trial within 180 days from the date he had been taken into custody. The trial court denied the motion for discharge on the grounds that the speedy trial time did not commence to run until disposition of the Nassau County charges. The court relied on State ex rel. Avera v. Harper, 379 So.2d 1299 (Fla. 4 DCA 1980), finding that there was no material distinction between that case and the instant one. We agree with the trial court.
In State ex rel. Avera, the defendant was arrested in St. Lucie County and, "immediately subsequent" to his arrest, was informed of an outstanding Palm Beach County warrant. He was sentenced on the St. Lucie County charges and then transferred to Palm Beach County. The issue on appeal was whether the speedy trial time ran from the date of his arrest in St. Lucie County or from the date he was transferred to Palm Beach County. The court held that the time began to run from the date the defendant was transferred to Palm Beach County.
In the instant case, petitioner was being held in Nassau County on Nassau County charges. He was not in the custody *570 of Duval County officials until the Nassau County charges were disposed of. Since there was no evidentiary hearing, we do not know exactly what the defendant was told when he was taken into custody on April 3, 1981. The state and defense stipulated in writing that the defendant "was arrested in Nassau County pursuant to the capias, and was charged with additional law violations stemming from the arrest."[1] However, it is not clear whether the defendant was actually arrested on the Duval County charges on April 3. The preposition "pursuant to" is defined as "in the course of carrying out: in conformance to or agreement with: according to ..." Webster's Third New International Dictionary, Unabridged. At the hearing on the motion for discharge, the following colloquy occurred:
"[STATE]: ... the State and Defense are stipulating that there was a capias issued by this Court on March the 3rd, (sic) which is in the file; that the defendant was arrested and taken into custody on April the 3rd; that the reason he was approached on April the 3rd was because of this capias issued from this court.
* * * * * *
COURT: You are stipulating that the reason why the officer approached the defendant on April 3, 1981, was because of the attempt to take the defendant into custody by reason of the capias just referred to?
[STATE]: Yes, sir."
The defense also so stipulated. Thus, it appears that when the defense and state stipulated that the defendant was arrested "pursuant to" the capias and charged with additional law violations, the stipulation only meant that the defendant was arrested "in the course of carrying out" the capias. The capias was filed with the Circuit Court in and for Duval County on October 7, 1981. The return stated that the capias was executed on October 6, 1981.
The petitioner contends that the issue in this case is whether or not petitioner was in custody on the Duval charge or merely being "held" in Nassau County with a Duval County detainer on him. He also asserts that Singletary v. State, 322 So.2d 551 (Fla. 1975), provides the answer. However, Singletary does not address the situation before us. In Singletary, the Court held that when one is served with a summons to answer a criminal charge, it is the equivalent of an arrest for purposes of the speedy trial rule.
One served with a summons to answer a criminal charge is no less an accused charged with a crime than one formally placed under arrest by warrant. The anxiety and concern attendant on public accusation commence at that point.
However, in State v. Bassham, 352 So.2d 55 (Fla. 1977), the Supreme Court held that a detainer placed by one county for a prisoner held by another county is not custody for purposes of the speedy trial rule. The Court cited with approval to State ex rel. Williams v. Eastmore, 297 So.2d 572 (Fla. 1 DCA 1974), wherein this Court held that a detainer was not the equivalent of an arrest because when a detainer is placed, the defendant is not "placed into custody as a result of his alleged criminal episode..." on which the detainer is based.
In the instant case, we find that the petitioner was arrested and taken into custody in Nassau County as a result of his criminal actions in Nassau County; that he was held in the Nassau County jail as a result of the Nassau County charges;[2] and that he could not be considered to be "arrested as a result of the conduct or criminal episode which gave rise to the crime charged" in Duval County, Rule 3.191(a)(4), Fla.R.Crim.P., until he was no longer in custody as a result of the conduct or criminal episode which gave rise to the Nassau *571 County charges.[3] Our interpretation of the rule under these circumstances is in accord with Grace v. State, 354 So.2d 444 (Fla. 1 DCA 1978), decided under the old rule, wherein this Court held that when a defendant is being held in one county on charges arising in that county, he is not available for trial in a different county within the same judicial circuit. We therefore find that the petitioner is not entitled to discharge and accordingly, this petition for writ of prohibition is DENIED.
BOOTH and JOANOS, JJ., concur.
SHIVERS, J., dissents with written opinion.
SHIVERS, Judge, dissents with opinion.
I respectfully dissent. Even though there was not an evidentiary hearing, I believe that the stipulated facts are sufficient to show that the petitioner was arrested on the Duval County charges on April 3, 1981. The fact that he was also arrested on Nassau County charges does not alter the time limitations for bringing him to trial imposed by the speedy trial rule. Rule 3.191(a)(1) states that a person charged by indictment or information with a felony shall be brought to trial within 180 days from the date they are taken into custody. Subsection (a)(4) states:
For purposes of this Rule, a person is taken into custody, (i) when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged... .
I think there is a material distinction between this case and State ex rel. Avera v. Harper, 379 So.2d 1299 (Fla.App. 1980) because in this case the petitioner was arrested on the Duval charges as well as the Nassau charges and in Averra the defendant was arrested only on the St. Lucie County charges and merely informed of the outstanding Palm Beach County warrant. Numerous cases, including State v. Bassham, 352 So.2d 55 (Fla. 1977) and State ex rel. Williams v. Eastmore, 297 So.2d 572 (Fla. 1 DCA 1974), cited by the majority, have held that a detainer is not an arrest; I do not think that we can treat an arrest as a detainer.
I would grant the petition.
NOTES
[1] The written stipulation does not give any date for this occurrence.
[2] According to the Memorandum of Law filed by defendant in the trial court, defendant was sentenced to six months on the Nassau County charges, and the sentence was completed on October 2, 1981  six months after petitioner's arrest on April 3, 1981.
[3] Although the capias was not executed until October 6, 1981, and petitioner was not transferred to Duval County until October 6, 1981, petitioner could be considered arrested on the Duval charges on October 3 since his sentence on the Nassau County charges was completed on October 2.