443 So.2d 471 (1984)
STATE of Florida, Appellant,
v.
Frederick Alexander DUKES, Appellee.
No. 83-239.
District Court of Appeal of Florida, Fifth District.
January 12, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellant.
No appearance for appellee.
ORFINGER, Chief Judge.
The State appeals an order granting appellee Frederick Alexander Dukes' motion for discharge on speedy trial grounds. We affirm.
On April 16, 1982, several warrants for the arrest of Dukes were issued in Volusia County, charging Dukes with armed robbery, robbery, and possession of a firearm in the commission of a felony. Dukes was then living in Brevard County, free on bail because of charges against him there. On April 23, 1982, Dukes was taken into custody by the Brevard County Sheriff's office on the basis of the Volusia County warrants. At a first appearance hearing on the Volusia County charges, Dukes advised the court of the pending Brevard County charges, and a second appearance hearing was scheduled, pending which Dukes was remanded to the custody of the Brevard County Sheriff.
Dukes' second appearance in Brevard County on the Volusia County charges was made April 30, 1982. Because local charges were still pending, Dukes was remanded to custody in Brevard County until the local charges were disposed of, at which time he would be released to Volusia County. Having been led to believe that Dukes was available for delivery to Volusia County, Volusia deputies came to the Brevard County Jail on April 27, 1982, but were refused custody of Dukes because of the pending Brevard charges against him.
Dukes remained in Brevard County's custody until August 13, 1982, when he *472 was released, returned to Volusia County, and booked into Volusia County Jail on the same date. Volusia County's records, indicate that the three warrants in question were recorded as executed upon Dukes on August 13, 1982, the day he was booked into Volusia County Jail. On September 22, 1982, two informations were filed; one charging Dukes with two counts of robbery and one count of use of a firearm while committing or attempting to commit a felony, and the second charging him with burglary of a conveyance and robbery. All charges were those described in the original warrants by virtue of which he had been taken into custody in Brevard County.
On December 3, 1982, Dukes filed motions for speedy trial discharge in both cases, asserting that he was taken into custody by full custodial arrest on April 23 in Titusville; that as early as April 26, Volusia County was aware of defendant's incarceration in Brevard County based upon the Volusia County arrest warrants; that the defendant had, since April 23, been continuously available for trial; that as of the date of the motions, 223 days had elapsed since defendant's arrest, the 180-day speedy trial period having expired on October 20, 1982; and, finally, that there had been no continuances of the cause, nor any implicit or explicit speedy trial waivers.
Although finding that Volusia County officials had no power to compel Brevard County to surrender defendant to Volusia's jurisdiction, the trial court determined that Fla.R.Crim.P. 3.191 required the finding that speedy trial began when defendant was arrested in April, and that the 180-day period had run when the motion for discharge was filed. We are compelled to agree.
Florida Rule of Criminal Procedure 3.191(a)(1) provides that:
Except as otherwise provided by this Rule, and subject to the limitations imposed under (b)(1) and (b)(2), every person charged with a crime by indictment or information shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion, shall make the required inquiry under (d)(3). The time periods established by this section shall commence when such person is taken into custody as defined under (a)(4). A person charged with a crime is entitled to the benefits of this Rule whether such person is in custody in a jail or correctional institution of this State or a political subdivision thereof or is at liberty on bail or recognizance. This section shall cease to apply whenever a person files a valid demand for speedy trial under (a)(2).
According to Fla.R.Crim.P. 3.191(a)(4), a person is taken into custody for speedy trial purposes under the following circumstances:
... (i) when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged, or (ii) when the person is served with a notice to appear in lieu of physical arrest.
In Lewis v. State, 357 So.2d 725 (Fla. 1978), the supreme court rejected the argument that defendants held in jail while awaiting trial were persons "imprisoned in a penal or correctional institution of the state or a subdivision thereof" so as to be subject to the longer trial periods provided by former Rule 3.191(b)(2) (1972). In holding that the Rule in question applied only to defendants imprisoned in a state or county penal institution pursuant to a criminal judgment of guilt, the court said:
[this section] does not apply to those defendants being held in jail while awaiting trial. If one jurisdiction in this state seeks to bring to trial a defendant awaiting trial in another county, the state should affirmatively request an extension of the speedy trial limits under Fla. R.Crim.P. 3.191(d)(2), alleging the existence of this exceptional circumstance.
*473 This court has held that the time for trial is not interrupted merely because the defendant is incarcerated elsewhere in the state during the speedy trial period and such incarceration does not preclude him from asserting his speedy trial rights. Holmes v. Leffler, 411 So.2d 889 (Fla. 5th DCA), pet. rev. denied, State v. Holmes, 419 So.2d 1200 (Fla. 1982). The 1980 amendment to Rule 3.191(a)(1), effective January 1, 1981, makes it clear that "[a] person charged with a crime is entitled to the benefits of this Rule [although] such person is in custody in a jail or correctional institution of this state or a political subdivision thereof." See also, State v. Yero, 377 So.2d 45 (Fla. 3d DCA 1979); Ramos v. Amidon, 263 So.2d 602 (Fla. 2d DCA 1972).
Knowing that Dukes had been taken into custody on the Volusia warrants, when it became clear that Brevard County was not going to allow Dukes to be returned to Volusia until the Brevard charges were disposed of, Volusia could have and should have protected its prosecution rights by applying for an extension of speedy trial because of the existence of this exceptional circumstance. Lewis.
Morris v. Nimmons, 414 So.2d 568 (Fla. 1st DCA 1982), and Grace v. State, 354 So.2d 444 (Fla. 1st DCA 1978), relied on by the State, are both distinguishable. In Morris, the majority of the court found that defendant had not been arrested on the capias issued following his escape from the Jacksonville Correctional Center, but had been arrested in Nassau County on Nassau County charges, and that he had not been taken into custody under the Duval County charges. The capias was treated as a detainer which is not the equivalent of an arrest, and which does not commence the running of the speedy trial period. See State v. Bassham, 352 So.2d 55 (Fla. 1977); Cameron v. State, 376 So.2d 248 (Fla. 5th DCA 1979); State ex rel. Williams v. Eastmoore, 297 So.2d 572 (Fla. 1st DCA 1974). In Grace, the court held that when Grace was imprisoned in Walton County while under a charge in Okaloosa County and did not demand trial, the State had a year to bring him to trial in Okaloosa County under former Rule 3.191(b)(1). The holding of this case was impliedly overruled in Lewis, and the result in that case has been superseded by a change in the Rule.
In the case before us, the documentary evidence as well as the testimony presented to the trial court at the hearing on the motion for discharge show without dispute that Dukes was arrested and taken into custody on April 23, 1982, on the basis of the Volusia County warrants. This arrest triggered the start of the 180-day speedy trial time and nothing intervened here to stop it. The trial court correctly granted the motion for discharge, so the order appealed from is
AFFIRMED.
SHARP and COWART, JJ., concur.