ON MOTION FOR REHEARING
ERVIN, Chief Judge.
In his motion for rehearing, appellant correctly points out that our opinion of May 30, 1984, holding that the time for *1055 speedy trial had not run due to appellant’s incarceration in state prison, overlooked the legal effect of the arrest and booking report, disclosing that on the date of arrest appellant had been charged with escaping from the Duval County Correctional Center. As a result, he argues that because he was placed into custody for such offense, the time for speedy trial ran not from the date he was returned to Duval County from prison and there arrested, but from the date of his original arrest. We agree with his contention, grant the motion for rehearing and reverse.
The only facts in the record relating to appellant’s arrests in Miami are those recited in the arrest and booking report as ' follows:
The [defendant] subj fled into room 822 [of the Castaways Motel] after ... uniform officers and the victim pointing him out. The subject pulled a small blue steel revolver on victim. The [defendant] after running into the room ran out the back door. The [defendant] was apprehended and a 32 cal fire arm [sic] was found in the right rear pocket. The victim made a positive ID on the subj. A record check showed the [defendant] to be an escapee from Jacksonville FL verified. Subj is Fugitive From D.O.C. warrant [No.] FW753-8.
Although the record does not disclose that appellant was then actually served with the fugitive warrant, the arrest and booking report does reveal that on the date appellant was taken into custody, the following four charges were filed against him: (1) carrying a concealed weapon, (2) escaping from the Duval County Correctional Center, (3) loitering and prowling, and (4) aggravated assault.
The crucial time period for determining from what event the 180-day period begins is, as we stated in our earlier opinion, established by Florida Rule of Criminal Procedure 3.191(a)(4), providing that a person is taken into custody when he “is arrested as a result of the conduct or criminal episode which gave rise to the crime charged, ....” We consider that if evidence exists disclosing that a person is booked into custody for a specific offense, one must presume that he was in fact arrested for that offense. Florida Rule of Criminal Procedure 3.111(c), prescribing the duties of the booking officer, i.e., the officer who commits the defendant to custody, requires him to advise the defendant immediately of his right to counsel, and, if he is unable to pay for a lawyer, that one will be provided immediately at no charge. Subsection (c) of the rule thus interacts with subsection (a)’s requirement that “[a] person [who is] entitled to appointment of counsel ... shall have counsel appointed when he is formally charged with an offense, or as soon as feasible after custodial restraint or upon his first appearance before a committing magistrate, whichever occurs earliest” (e.s.). Thus, the act of booking or placing a person into custody for an offense clearly implies that an arrest has occurred.
The record of appellant’s initial incarceration, although meager, satisfies us that he was committed into custody for the offense of escape from the Duval County Jail, notwithstanding the record’s failure to disclose that he was actually served with a fugitive warrant for that offense. As was observed by the Second District Court of Appeal in Hargrove v. State, 281 So.2d 390, 391 (Fla. 2d DCA 1973): “The important thing is whether the prisoner is held in custody on the charge in question. If he is, then the State must bring him to trial within the time allowed.” We agree that our original opinion did not consider the effect of the booking officer’s report. This case, involving an arrest report revealing that the specific charge of escape had been filed against appellant, is similar in its facts to those in Strickland v. State, 435 So.2d 934 (Fla. 1st DCA 1983), wherein the court held that the time for speedy trial began to run from the date the arrest report stated defendant had been arrested for escape in Putnam County, rather than the date a capias was later served on the defendant for such offense. Accordingly, we must conclude that the time for speedy trial on the Duval County charge of escape ran from the date appellant was taken into *1056 custody, or booked on that charge[1] — not from the date that he was transferred from state prison to Duval County and was there formally arrested for such offense.
In saying the above, we are not unaware of our prior holding in Morris v. Nimmons, 414 So.2d 568 (Fla. 1st DCA 1982), wherein we held that the defendant, having escaped from the Jacksonville Correctional Center and arrested in Nassau County for the offenses of resisting arrest and battery on a law enforcement officer while, the officer was attempting to serve a capias issued by Duval County on the escape charge, was not entitled to the benefits of the speedy trial rule until he was returned to Duval County and arrested there on the escape charge. The facts recited in Nimmons, relating to the defendant’s arrest, appear to be even more sparse than those in the record before us, in that they are found in a stipulation agreeing that the defendant “ ‘was arrested in Nassau County pursuant to the capias, and was charged with additional law violations stemming from the arrest.’ ” Id. at 570. The court was unable to find from the record before it whether the defendant had actually been arrested on the Duval County charges at the time of the occurrence of separate offenses in Nassau County. Additionally the Nimmons opinion did not — as here — relate that the arrest and booking report disclosed that appellant had been placed into custody in the Nassau County Jail on the escape charge.
We have not overlooked the state’s argument asserting that the appellant first raised in his motion for rehearing the issue that the time for speedy trial ran from the date of his incarceration in Dade County for the offense of escape, and therefore, did not bring such issue to the attention of the trial court. As support for its position, the state refers to the following statement made by appellant’s attorney during the hearing on the motion for discharge:
An argument could be made when he was first picked up speedy trial time would begin to run, but I think the case law on that, Your Honor, is because there was pending charges down in Dade County, the speedy trial time would be tolled during that period and he could not be brought back to Duval County during those charges because the county had the right to pursue those, but once all the charges were over with and he was recommitted back to the Department of Corrections, then he was available to be brought back to Duval County, and that date was December 8, 1982.
As a result of the above representation, the state contends that appellant has waived his right to argue that the time for speedy trial began to run from the date of his arrests in Dade County. We disagree. Although appellant’s counsel erroneously stated that the time for speedy trial recommenced to run either when he was transferred to the Department of Corrections on October 19, 1982, or when the Department acknowledged receipt of the Duval County capias on December 8, 1982, the record discloses that more than 180 days had elapsed from either of those two dates when his motion for discharge was filed on June 23, 1983. Indeed, counsel never contended that speedy trial did not begin to run as of the date of appellant’s arrests in Dade County, but considered rather that the time from such arrests was tolled until the Dade C'ounty charges were disposed of. The lower court does not appear to have been under any misapprehension as to appellant’s position. In fact, the order denying the motion for discharge states:
*1057 The Defendant argues that more than 180 days have elapsed since his arrest in Dade County on June 12, 1982, the filing of the detainer with the Department of Corrections on December 8,1982, and the filing of the Information for Escape on April 29, 1982.
The lower court, however, incorrectly found that “there is nothing in the record to conclude other than that the Defendant was actually arrested on the Duval County charge of Escape at the time the Duval County authorities obtained his custody from the Department of Corrections for return.” This finding, as previously stated, was clearly refuted by the record.
Neither can appellant be said to have waived the point on appeal, which urged that the lower court erred in denying the motion for discharge on the alternative grounds that “more than 180 days had passed since the recapture of appellant for escape, the filing of the escape capias against him and his return to the custody of the Department of Corrections.”
Accordingly, we agree with appellant that the time for speedy trial began when he was placed into custody in the Dade County Jail on June 12, 1982 on the escape charge. That time having expired as of the date his motion for discharge was filed, the lower court erred in denying it.
Reversed.
ZEHMER, J., concurs.
BOOTH, J., dissents.

. Evidence of a booking charge at the time a defendant is first placed into custody thus places this case in a different posture from those cases holding speedy trial does not begin to run from the time of the filing of a detainer in the county where the defendant is detained on other charges until he is returned to the custody of the demanding county and there formally arrested. See, e.g., State v. Lazarus, 433 So.2d 1314 (Fla. 2d DCA 1983); State v. Bassham, 352 So.2d 55 (Fla. 1977); State ex rel. Williams v. Eastmoore, 297 So.2d 572 (Fla. 1st DCA 1974).