451 So.2d 903 (1984)
Marcellus HAWKINS, Appellant,
v.
STATE of Florida, Appellee.
No. AM-492.
District Court of Appeal of Florida, First District,
June 1, 1984.
Rehearing Denied June 29, 1984.
Michael Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Wallace Allbritton and Andrea Smith Hillyer, Asst. Attys. Gen., for appellee.
NIMMONS, Judge.
Hawkins appeals his conviction of the crime of sexual battery, contending, inter alia, that the trial court erred in denying *904 his motion for discharge under the Speedy Trial Rule, Fla.R.Cr.P. 3.191. We affirm on all grounds and deem it necessary to treat only the speedy trial issue.[1]
Hawkins committed the sexual battery in Tallahassee on the evening of February 2, 1980. He left town shortly after the offense and returned to his home in Rochester, New York. Hawkins was arrested in New York on January 28, 1981, on the basis of information from Florida authorities that he was a fugitive by reason of an outstanding Florida felony warrant. Hawkins was released on bond in New York on March 27, 1981. On May 7, 1981, he was discharged by the New York authorities since appropriate documents seeking Hawkins' return to Florida had not been received.
Although not specified in the record of this case as such, Hawkins' rearrest by New York authorities on August 20, 1981, was on the basis of a governor's warrant issued as a result of a requisition from the chief executive of this State. From the time of his discharge on May 7, 1981, until his arrest on the governor's warrant on August 20, Hawkins was under no detention or constraints.
At the hearing in the lower court on Hawkins' motion for discharge, a Rochester, New York, police detective testified regarding efforts by the Rochester police to execute the warrant after receiving it in June, 1981. It was apparent from his testimony that Hawkins was attempting to elude them. On one occasion when they were about to close in on him at an apartment, he crawled out a second floor window and eluded the police in a foot race. On another occasion, a number of police officers, acting on a tip that Hawkins was present at the same apartment and that he might be armed and dangerous, surrounded the building, announced their presence and purpose to execute the arrest warrant, and demanded that Hawkins surrender. After receiving no response, the officers searched the building and, with the aid of a police dog, eventually found Hawkins hiding in a closet.
Hawkins' testimony at the hearing was to the effect that the reason why he was attempting to elude the police was because the police had previously harassed and threatened him.
After his arrest on August 20, Hawkins resisted extradition, filing a habeas corpus petition on August 26. The extradition proceedings resulted in his eventual return to Florida on October 6, 1981.
Hawkins contends on appeal, as he did in the lower court, that he was entitled to be brought to trial under Fla.R.Cr.P. 3.191 within 180 days of his arrest in New York on January 28, 1981, and that the State of Florida, therefore, lost its right to prosecute him after July 27, 1981. We disagree.
We are of the view that under the present version of the Speedy Trial Rule,[2] the 180-day period does not commence to run until the fugitive has been returned to custody in the State of Florida.
Rule 3.191(b)(1) reads as follows:

Prisoners Outside Jurisdiction. A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this State or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this State, is not entitled to the benefit of this Rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of this fact is filed with the court and served upon the prosecutor. For such persons, the time period under (a)(1) commences on the date the last act required under this section *905 occurs. For such persons the time period under (a)(2) commences when the demand is filed so long as the acts required under this section occur prior to the filing of the demand. If the acts required under this section do not precede the filing of the demand, then the demand is invalid and shall be stricken upon motion of the prosecuting attorney. Nothing hereinabove stated shall affect a prisoner's right to speedy trial under section 941.45-941.50, Florida Statutes (1979).
The defendant urges an interpretation of the above rule such that it applies only to persons who are in federal custody on a charge or conviction of a federal crime or who are in the custody of a foreign jurisdiction on a charge or a conviction of a crime against that jurisdiction. On the contrary, we believe that a reasonable construction of that rule would include fugitives who have been incarcerated and are being held in another jurisdiction solely on the basis of the charges pending in this State. Prior to its amendment in 1980, the above rule read:

Prisoners Outside Jurisdiction. A person who is imprisoned upon conviction of a crime in a penal or correctional institution outside the jurisdiction of this State or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this State, is entitled to a speedy trial upon demand filed with the court having jurisdiction and upon service on the prosecuting attorney. After the demand has been filed, such person is entitled to trial within the periods of time established by § (b)(2), commencing after the prosecuting attorney has filed a detainer or has otherwise attempted to secure the presence of the accused for trial or within a reasonable time as determined by the court if the prosecutor has not acted in response to the demand for trial; and if not brought to trial within such period of time shall upon motion timely filed with the court and served upon the prosecuting attorney be foreever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for return to this jurisdiction for trial during such period of time. No rights shall accrue to a person under this section if such person refuses to execute every waiver, consent, or release necessary to secure his return to this jurisdiction, or if the custodial officials of the jurisdiction in which the prisoner is confined refuse to release him for return to this jurisdiction for trial while such refusal continues.
The primary burden for bringing about a speedy trial is on the defendant; however, upon demand, the State must act affirmatively to give such person a speedy trial and must employ all reasonable means to do so. A demand for speedy trial shall state the prisoner's name, place of incarceration, nature and term of sentence and tentative expiration date, and the nature and date of the charge, as well as the court and county in which said charge is pending in Florida; if a detainer has been filed, and its withdrawal is part of the relief sought, the prisoner shall so state. (Emphasis supplied.)
The emphasized portion of the above pre-1981 rule, that is "upon conviction of a crime," is conspicuously absent from the present rule. Moreover, it would have been quite easy for the drafters of the present rule to say that it did not apply to persons being held in the other jurisdiction only on the charges outstanding in this State. Instead, as noted, the drafters actually broadened the language. Our reading of this rule is bolstered by the following language contained in (a)(1) of the Speedy Trial Rule:

Speedy Trial Without Demand. Except as otherwise provided by this Rule, and subject to the limitations imposed under (b)(1) and (b)(2), every person charged with a crime by indictment or information shall without demand be brought to trial ... . within 180 days if the crime charged be a felony... . The time periods established by this section shall commence when such person is taken into *906 custody as defined under (a)(4). A person charged with a crime is entitled to the benefits of this Rule whether such person is in custody in a jail or correctional institution of this State or a political sub-division thereof or is at liberty on bail or recognizance. This section shall cease to apply whenever a person files a valid demand for speedy trial under (a)(2). (Emphasis supplied.)
The emphasized portion of the above rule further bolsters the conclusion that fugitives arrested outside the State of Florida must look to the provisions of (b)(1) for their speedy trial rights under the present Rule. It is also significant that the above emphasized phrase "in a jail or correctional institution of this State or a political subdivision thereof" was added to (a)(1) by the 1980 amendments to the Speedy Trial Rule. See 389 So.2d at 612.
When viewed in the context of the peculiar problems attendant to fugitive cases, any other interpretation of the present Rule would present unreasonable burdens upon the authorities and would tend to confer undeserved special speedy trial rights on persons who have fled the jurisdiction to avoid prosecution. The instant case is a perfect example. We see no reason why present rule (b)(1) governing "prisoners outside the jurisdiction" should not be construed to encompass Hawkins' status when he was arrested in New York. Therefore, the defendant's conclusion that Hawkins' speedy trial rights were governed by (a)(4) and that the 180-day period commenced running on the date he was arrested in New York in January, 1981, is erroneous.
Even were we to agree that (a)(4) was applicable to Hawkins' situation, Hawkins would still not be entitled to discharge because the evidence before the trial judge revealed that Hawkins was not available for trial during a portion of the 180-day period of time from January 28, 1981, the date of his arrest in New York. Although it is not entirely clear from the record when in July, 1981, Hawkins attempted to elude arrest, it is evident from the New York detective's testimony that he first began looking for Hawkins during the second or third week in July, 1981, and that Hawkins eluded capture shortly thereafter as previously described in this opinion, a fact admitted by Hawkins. Of course, if his flight had occurred after July 27, 1981, or after the 180-day period had expired, Hawkins' unavailability at such time would be irrelevant for speedy trial purposes. Nevertheless, indulging all reasonable inferences that can be drawn from the evidence in the light most favorable to appellee, we are of the view that the testimony supports the trial judge's denial of the motion for discharge.
AFFIRMED.
THOMPSON, J., concurs.
ERVIN, C.J., concurs in part and dissents in part.
ERVIN, Chief Judge, concurring in part and dissenting in part.
I agree to an affirmance as to the facts presented in this case which I think sufficiently reveal that Hawkins was not available for trial during a portion of the 180-day period of time from the date of his incarceration in New York on Florida charges.
My primary difficulty in concurring with the majority's opinion is its alternative basis for affirmance  a basis which is not really necessary to the disposition of the case  stating that the provisions of Rule 3.191(b)(1) apply to a fugitive who is held in the custody of another jurisdiction solely on the basis of charges pending in this state. In my judgment the rule does not support this determination. Subsection (b)(1) generally provides that
a person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this State, ... ., and who is charged with a crime by indictment or information . .. filed under the laws of this State, is not entitled to the benefit of this Rule until that person returns or is returned to the *907 jurisdiction of the court within which the Florida charge is pending... .
(e.s.)
A person in federal custody is usually not one in custody on a state charge, and therefore should not be burdened with the provisions of subsection (b)(1). In the same general context, for the purpose of determining the applicability of subsection (b)(1), a person who is held in a jail outside the jurisdiction of this state, solely on this state's charges, should not be subjected to the provisions of the subsection. Under the circumstances, the maxim of noscitur a sociis should be applied to construe the language employed, instructing that general and specific words which are capable of an analogous meaning are to be associated together, thereby taking color from each other, with the result that the general words used are restricted to a sense analogous to the less general. Carraway v. Armour & Co., 156 So.2d 494 (Fla. 1963). As stated, because one is not customarily placed in federal custody on state charges, I consider that the only logical interpretation of the remaining words in the clause means simply that subsection (b)(1) applies to persons incarcerated in jails outside the jurisdiction of this state on charges pending in the other state.
The majority places great emphasis upon the fact that former Rule 3.191(b)(3), relating to prisoners outside the jurisdiction of the state of Florida, included the words, "imprisoned upon conviction of a crime", which language was not retained in amended Rule 3.191(b)(1). Nevertheless the committee note to the amended rule states that "federal prisoners and prisoners outside Florida may claim the benefit of this section once special prerequisites are satisfied under (b)(1)." (e.s.) The note continues that "prisoners outside the jurisdiction of Florida may claim benefit under (a)(1) and (a)(2) after the prisoner returns to the jurisdiction of the court where the charge is pending and after the prisoner files and serves a notice of this fact." (e.s.) I think it reasonably clear that although the language, "imprisoned upon conviction of a crime", was not retained, the drafters of the amended rule intended that subsection (b)(1) would expand the provisions of former Rule 3.191(b)(3), which related only to prisoners convicted of crimes in other jurisdictions, to include those persons who had either been charged or convicted in other jurisdictions for offenses committed outside the state of Florida.
As Hawkins cannot be considered a convicted prisoner serving a sentence outside the jurisdiction of the state of Florida, or a person in the custody of a New York correctional institution awaiting trial on New York charges, in my judgment only the provisions of subsection (a)(1) of the rule are applicable to the circumstances presented in this case. The fact that Hawkins was not physically present within the jurisdiction of the state of Florida does not mean that subsection (a)(1) is inapplicable. The New York correctional institution where appellant was held awaiting transfer to Florida was acting simply as the agent for the state of Florida, and, for the purposes of subsection (a)(1), Hawkins should therefore be considered in the custody of a jail or correctional institution of this state. If this interpretation is correct, the time periods applicable to one who is held in custody in a correctional institution of another state solely on charges pending in this state are those  as referenced in subsection (a)(1)  prescribed by subsection (a)(4), stating that "a person is taken into custody ... when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged... ." Hawkins therefore must be considered to have been taken into custody on January 28, 1981, when he was arrested in New York "as a result of the conduct or criminal episode which gave rise to the crime charged, ..." The time for speedy trial should be held to have run from that date, and were it not for the fact that Hawkins later made himself unavailable for trial, see Rule 3.191(e), before the expiration of the 180-day period of time *908 from his arrest, his motion for discharge would have been of merit.
NOTES
[1] The Public Defender initially filed an Anders brief in which the speedy trial issue was not addressed. Thereafter, this court allowed the appellant to file a pro se brief. The appellant did so and urged reversal on several grounds including the speedy trial issue. Thereafter, this court requested further briefing on this issue from the Public Defender and from the State.
[2] The present version of Fla.R.Cr.P. 3.191 has been effective since January 1, 1981, see 389 So.2d 610, and is applicable to the case at bar.