• FRANK D. UPCHURCH, Jr., Judge.
Wilson appeals from a judgment and sentence for grand theft, contending that he has been denied a speedy trial under Florida Rule of Criminal Procedure 3.191. We agree and accordingly reverse and remand with directions to discharge Wilson from the crime.
The facts in this case are relatively simple. Wilson escaped from a Florida correctional institution in October, 1983. He stole an automobile in Osceola County, Florida, and fled to Texas where he was stopped for a faulty headlight. After admitting that the car was stolen, Wilson was taken into custody by Texas authorities and charged with auto theft and driving with an invalid license. Wilson waived extradition to Florida.
On October 27, 1983, an information charging Wilson with grand theft of the automobile was filed in Osceola County. A capias for Wilson’s arrest was issued on October 31, 1983 and a copy of the warrant mailed to the Department of Corrections in Tallahassee on November 1, 1983. According to Wilson, however, it took about twenty to twenty-five days before Florida picked him up in Texas and transported him to the Lake Butler Reception and Medical Center in Florida. Wilson was at Lake Butler for about two and one-half months before being transferred to a prison in Marion County, Florida. In January of 1984, he was transferred from Marion Correctional Institute to the Seminole County Jail to answer charges of probation violation. In February of 1984, he was transferred back to the Lake Butler facility where he remained for about five months before he wás transferred to Osceola County to answer the grand theft charge. Upon arrival in Osceola County on June 6, 1984, Wilson was served with a capias on the grand theft charge.
On August 3, 1984, Wilson moved for discharge on the basis that he has been denied a speedy trial. Wilson claimed that Osceola County authorities had been aware of his arrest on the grand theft charge since October 24,1983, and had been aware of his presence in this state since November, 1983. Since more than one hundred eighty days had elapsed since his arrest in Texas and return to Florida, Wilson argued that he was entitled to discharge. The motion was denied.
The correctness of the trial court’s decision, of course, depends on when speedy trial time began. Florida Rule of Criminal Procedure 3.191(a)(1) states that every person charged with a crime shall without demand be brought to trial within one hundred eighty days if the crime charged is a felony. The time period established by this section commences when the defendant is taken into custody. “Custody” is defined as follows:
For purposes of this Rule, a person is taken into custody, (i) when the person is arrested as a result of the conduct or criminal episode which gave rise to the *98 crime charged, or (ii) when the person is served with a notice to appear in lieu of physical arrest.
Fla.R.Crim.P. 3.191(a)(4). Rule 3.191(a)(1) further provides that “A person charged with a crime is entitled to the benefits of this Rule whether such person is in custody in a jail or correctional institution of this state or a political subdivision thereof or is at liberty on bail or recognizance.”
Here Wilson contends that he was taken into custody when arrested in Texas for the grand theft of the automobile. Wilson argues that the one hundred eighty day speedy trial period began to run from October, 1983, or, at the very least, from November, 1983, when Osceola County was notified of his arrest, a capias issued and detainer lodged with the Department of Corrections in Tallahassee. The state argues that the time began to run on June 6, 1984, when Wilson was served with the capias in Osceola County and thus the speedy trial period had not expired when the instant motion was filed.
We disagree with the state and find that the reasoning of State v. Dukes, 443 So.2d 471 (Fla. 5th DCA 1984) is applicable here. In that case, several warrants for the arrest of Dukes were issued in Volusia County, charging him with armed robbery, robbery, and possession of a firearm in the commission of a felony. Dukes was then living in Brevard County, free on bail because of charges against him there. On April 23, 1982, Dukes was taken into custody by the Brevard County Sheriffs office on the basis of the Volusia County warrants. At a first appearance hearing on the Volusia County charges, Dukes advised the court of the Brevard County charges, and a second appearance hearing was scheduled, pending which Dukes was remanded to the custody of the Brevard County Sheriff.
Dukes’ second appearance in Brevard County on the Volusia County charges was made April 30, 1982. Because local charges were still pending, Dukes was remanded to custody in Brevard County until the local charges were disposed of, at which time he would be released to Volusia County. Volusia deputies came to the Bre-vard County Jail on April 27, 1982, but were refused custody of Dukes because of the pending Brevard County charges against him.
Dukes remained in Brevard County’s custody until August 13, 1982, when he was released, returned to Volusia County, and booked into Volusia County Jail on the same date.
On December 3, 1982, Dukes filed motions for speedy trial discharge asserting that he was taken into custody by full custodial arrest on April 23, 1982 in Bre-vard County; that as early as April 26, Volusia County was aware of his incarceration in Brevard County based upon the Volusia County arrest warrants; that he had, since April 23, been continuously available for trial; that as of the date of the motions, two hundred twenty-three days had elapsed since his arrest.
Although finding that Volusia County officials had no power to compel Brevard County to surrender Dukes to Volusia County’s jurisdiction, the trial court determined that rule 3.191 required the finding that speedy trial began when Dukes was arrested in April, and that the one hundred eighty day period had run when the motion for discharge was filed. On appeal, this court affirmed explaining as follows:
In the case before us, the documentary evidence as well as the testimony presented to the trial court at the hearing on. the motion for discharge show without dispute that Dukes was arrested and taken into custody on April 23, 1982, on the basis of the Volusia County warrants. This arrest triggered the start of the 180-day speedy trial time and nothing intervened here to stop it. The trial court correctly granted the motion for discharge.
443 So.2d at 473.
This court further explained:
This court has held that the time for trial is not interrupted merely because the defendant is incarcerated elsewhere in *99 the state during the speedy trial period and such incarceration does not preclude him from asserting his speedy trial rights. Holmes v. Leffler, 411 So.2d 889 (Fla. 5th DCA), pet. rev. denied, State v. Holmes, 419 So.2d 1200 (Fla.1982). The 1980 amendment to Rule 3.191(a)(1), effective January 1, 1981, makes it clear that ‘[a] person charged with a crime is entitled to the benefits of this Rule [although] such person is in custody in a jail or correctional institution of this state or a political subdivision thereof.’ See also, State v. Yero, 377 So.2d 45 (Fla. 3d DCA 1979); Ramos v. Amidon, 263 So.2d 602 (Fla. 2d DCA 1972).
Knowing that Dukes had been taken into custody on the Volusia warrants, when it became clear that Brevard County was not going to allow Dukes to be returned to Volusia until the Brevard charges were disposed of, Volusia could have and should have protected its prosecution rights by applying for an extension of speedy trial because of the existence of this exceptional circumstance. [Lewis v. State, 357 So.2d 725 (Fla.1978)].
443 So.2d at 473.
Here, the record shows that Wilson was arrested on October 24, 1983, in Texas on the Osceola County grand theft charge and the escape charge. Since he was arrested as the result of the conduct or criminal episode which gave rise to the crime charged, Wilson was “taken into custody” on that date and speedy trial time began to run. See Dukes; State v. Bivona, 460 So.2d 469 (Fla. 4th DCA 1984) (where defendant was arrested in California on California charges, and would have been released but for incarceration request from Florida, defendant was “taken in custody” for purposes of speedy trial rule when arrested in California); Perkins v. State, 457 So.2d 1053 (Fla. 1st DCA 1984) (where, on date of defendant’s arrest on charges of aggravated assault and concealment of a firearm, he had also been charged with escaping from correctional center in another county, time for speedy trial on escape charge ran not from date he was returned to county of escape and there arrested but rather from date of his original arrest). But see Hawkins v. State, 451 So.2d 903 (Fla. 1st DCA 1984) (speedy trial time began to run on date defendant was returned to custody in Florida not date that he was arrested on Florida charge in New York). If there were other charges pending against Wilson or time to be served on other convictions, then the state should have moved for an extension of time. See Lewis; Dukes.
The state’s reliance on State v. Bassham, 352 So.2d 55 (Fla.1977), Gaskins v. State, 415 So.2d 132 (Fla. 5th DCA 1982), and Cameron v. State, 376 So.2d 248 (Fla. 5th DCA 1979), is misplaced. Those cases correctly hold that a detainer placed by one county for a prisoner held by another county is not considered “custody” within the speedy trial rule. However, there the defendants were already in custody on other charges when the detainers were issued. Here, Wilson was taken into custody as a result of the grand theft charge, thus triggering speedy trial time.
REVERSED and REMANDED with directions to discharge Wilson from the grand theft charge.
COBB, C.J., concurs.
SHARP, J., dissents with opinion.