SHARP, Judge,
dissenting.
It appears to me that a better interpretation of Florida’s speedy trial rule is that the 180 day period begins to run (at the earliest) for a person who is arrested in another state on Florida charges, when he is returned to the custody of Florida. In this case, Wilson was arrested in Texas for driving without a valid drivers license and on an auto theft charge, based on his admission he had stolen the car in Osceola County, Florida on October 24, 1983. The Florida information charging him with grand theft was filed on October 27, 1983.
Florida Rule of Criminal Procedure 3.191(a)(1) states that persons entitled to the benefits of the speedy trial rule are those who are “charged with a crime ... *100 whether such person is in custody in a jail or correctional institution of this state or a political subdivision thereof, or is at liberty on bail on recognizance.” (Emphasis supplied). Until Wilson was returned (at the earliest) to Florida from Texas, neither of those situations applied.
Further, Florida Rule of Criminal Procedure 3.191(b)(1), (“Prisoners Outside Jurisdiction”) specifically provides:
A person who ... is incarcerated in a jail or correctional institution outside the jurisdiction of this State or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this state, is not entitled to the benefit of this Rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of this fact is filed with the court and served on the prosecutor_ (Emphasis supplied).
I agree with the majority in Hawkins v. State, 451 So.2d 903 (Fla. 1st DCA), review denied, 459 So.2d 1040 (Fla.1984), that subsection (b)(1) controls the running of the speedy trial time in Florida, whether the defendant is arrested in a different state on Florida charges, or on a mixture of Florida and one or more other state’s charges. It is not logical to read (b)(1) as encompassing only persons jailed and held on charges pending in another state. In such cases Florida charges would never have any logical impact.
Further, until a defendant is brought back to the appropriate court in Florida to prosecute the Florida charges, it cannot be said he was actually “available” for trial. The difficulties of extradicting defendants from other jurisdictions, of sorting out and resolving other states’ charges and then making arrangements to transport prisoners from distant states makes this interpretation of the rule most reasonable, in my view.
Since in this case Wilson was not returned to Osceola County, Florida, until well within the 180 day period, (assuming that notice was given to the court and the prosecutor, which the record does not clearly disclose), in my view the speedy trial time had not run. I would affirm.