EHRLICH, Justice.
We have for review Wilson v. State, 471 So.2d 96 (Fla. 5th DCA 1985), which conflicts with Hawkins v. State, 451 So.2d 903 (Fla. 1st DCA), review denied, 459 So.2d 1040 (Fla.1984), on the issue of when speedy trial time begins to run, under Florida Rule of Criminal Procedure 3.191(a)(1), for a defendant who is incarcerated out-of-state solely on Florida charges. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The district court below ruled that speedy trial time begins to run for a defendant held in custody solely on Florida charges at the time of his out-of-state arrest. This Court recently rejected that view in State v. Bivona, 496 So.2d 130 *919 (Fla.1986). In Bivona we held that where a defendant is arrested out-of-state on Florida charges Rule 3.191(b)(1), “Prisoners Outside Jurisdiction,” is controlling; and therefore, speedy trial time, in a case such •as this, does not begin to run until the defendant “is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of this fact is filed with the court and served upon the prosecutor.” Fla.R.Crim.P. 3.191(b)(1).
The facts in this case as set forth by the district court are as follows:
Wilson escaped from a Florida correctional institution in October, 1983. He stole an automobile in Osceola County, Florida, and fled to Texas where he was stopped for a faulty headlight. After admitting that the car was stolen, Wilson was taken into custody by Texas authorities and charged with auto theft and driving with an invalid license. Wilson waived extradition to Florida.
On October 27, 1983, an information charging Wilson with grand theft of the automobile was filed in Osceola County. A capias for Wilson’s arrest was issued on October 31, 1983 and a copy of the warrant mailed to the Department of Corrections in Tallahassee on November 1, 1983. According to Wilson, however, it took about twenty to twenty-five days before Florida picked him up in Texas and transported him to the Lake Butler Reception and Medical Center in Florida. Wilson was at Lake Butler for about two and one-half months before being transferred to a prison in Marion County, Florida. In January of 1984, he was transferred from Marion Correctional Institute to the Seminole County Jail to answer charges of probation violation. In February of 1984, he was transferred back to the Lake Butler facility where he remained for about five months before he was transferred to Osceola County to answer the grand theft charge. Upon arrival in Osceola County on June 6, 1984, Wilson was served with a capias on the grand theft charge.
On August 3, 1984, Wilson moved for discharge on the basis that he has been denied a speedy trial. Wilson claimed that Osceola County authorities had been aware of his arrest on the grand theft charge since October 24, 1983, and had been aware of his presence in this state since November, 1983. Since more than one hundred eighty days had elapsed since his arrest in Texas and return to Florida, Wilson argued that he was entitled to discharge. The motion was denied.
471 So.2d at 97.
Under these facts, a rigid literal application of Rule 3.191(b)(1) would require us to find that speedy trial time did not begin to run until Wilson was returned to Osceola County, some eight months after his return to Florida. However, we do not feel that such a result is warranted under the facts. Rule 3.191(b)(1) does not address, nor does it appear to contemplate, a situation such as this where a defendant is arrested out-of-state on charges pending in one Florida county and is returned to the state in connection with those charges but is first taken to face charges pending in another county. It would violate the spirit and intent of the rule as construed in Bivo-na to hold that under these facts it is permissible to shunt the defendant to other Florida counties to answer other charges pending in those counties, all the while holding in abeyance the defendant’s rights to a speedy trial for those charges which were the bases of his arrest and extradition. In such a situation, we find it incumbent upon the state to return the accused first to the county where the charges leading to his out-of-state arrest and extradition are pending. Once the accused is returned to the jurisdiction of the court where the initial charges are pending and proper notice of this fact is given according to Rule 3.191(b)(1) the speedy trial time on those charges would begin to run. If the defendant is also being held on charges from other jurisdictions within the state, those jurisdictions may then apply for an extension of speedy trial pursuant to Rule 3.191(d)(2)(ii) upon a showing of exceptional circumstances. See Lewis v. State, 357 *920 So.2d 725 (Fla.1978); State v. Dukes, 443 So.2d 471 (Fla. 5th DCA 1984). If the state does not return the accused to the county that initiated his out-of-state arrest, the speedy trial time for those charges on which he was held out of state shall commence to run upon the defendant’s return to the state. Wilson was returned to Florida in late November 1983, well over 180 days prior to the August 3, 1984 motion; therefore, he was entitled to discharge.
Accordingly, the decision below ordering that Wilson be discharged from the grand theft charge is approved.
It is so ordered.
McDonald, C.J., and ADKINS, BOYD, OVERTON, SHAW and BARKETT, JJ., concur.